**Andrew S. DORRIS and Carol S. Dorris, Plaintiffs-Appellants,**

**v.**

**Carole B. MULINA and Andrew V. Mulina, Defendants-Respondents.**

**No. 52268.**

Missouri Court of Appeals, Eastern District, Division One.

Sept. 15, 1987.

Motion for Rehearing and/or Transfer Denied Oct. 21, 1987.

Ralph Levy, III, St. Louis, for plaintiffs-appellants.

David B. Freyman, Monnye R. Gross, St. Louis, for defendants-respondents.

KELLY, Judge.

Andrew S. Dorris and Carol S. Dorris appeal from the judgment of the trial court setting aside a default judgment previously entered in their favor in appellants' action against Carole B. Mulina and Andrew V. Mulina to collect a deficiency amount owed appellants on a promissory note signed by

the Mulinas. Only Andrew V. Mulina is a respondent; Carole B. Mulina, his former wife, is not a party to this appeal. The judgment is reversed and remanded.

The procedural background of this case is critical to the determination on appeal. Appellants filed suit against Andrew V. Mulina and Carole B. Mulina in April 1984. An entry from the "Minutes of Proceedings" of the court file reflects both Mulinas were served at their place of residence by summons executed in May 1984; however, the return is not included in the legal file. An interlocutory default and inquiry was later granted with the cause set for a hearing in September 1984 on the merits of the default. Prior to the September 1984 hearing, an attorney entered his appearance in respondent's behalf and filed a motion to set aside the default and inquiry previously rendered. The September hearing was apparently continued because in October, the trial court overruled appellants' motion for default judgment, sustained respondent's motion to set aside the default, and granted respondent ten days to file his pleadings. Respondent then timely answered appellants' petition. However, Carole B. Mulina never filed any responsive pleadings.

In November, appellants filed their service of interrogatories. The minutes of the proceedings in the docket sheets next reflect the following entries in January 1985:

1–7–85 Pltfs' request for default hearing on 2/5/85 at 1:30 p.m. denied Judge Wiesman

1–2–85 Notice of hearing for default 1–9–85 DIV. 6, 1:30 p.m.

1–10–85 Upon oral application of plaintiff cause set for default hearing 2/5/85 at 1:30 p.m.

(No explanation appears for the chronological lapse in the entries.)

On February 5, 1985, for purposes of obtaining a judgment against Carole B. Mulina who still had filed no answer and thus remained in default, appellants voluntarily dismissed respondent from their lawsuit and denominated it a dismissal without prejudice. The trial court, finding Carole B. Mulina in default, entered judgment against her with damages totalling $30,794.69 plus interest for appellants.

Over one year later in May 1986, a garnishment and execution, returnable in August 1986, issued at appellants' request against Carole B. Mulina's employer to collect on the judgment owed appellants by her.

In July 1986, respondent filed his motion pursuant to Rule 74.32 accompanied by his affidavit to set aside for irregularity the default judgment entered against Carole B. Mulina on February 5, 1985. The skeletal motion contained only the single sentence requesting the default judgment be set aside for irregularity under Rule 74.32. The grounds for the purported irregularity were posited in his supporting affidavit.

In his affidavit executed June 9, 1986, respondent attested that neither his attorney nor he had been served with copies of appellants' notice of hearing for default filed January 2, 1985, or of appellants' dismissal of him from their action on January 9, 1985. (The dismissal respondent refers to was dated January 9, 1985, on the court memorandum form, but was not filed with the court until the default hearing on February 5, 1985). He added the court file also did not reflect any notice having been sent. He further mentioned that, unaware of the earlier default judgment or of his dismissal from the lawsuit in February 1985, he had filed on April 2, 1985, his answers to appellants' interrogatories of November 1984. After stating that a default judgment was entered against Carole B. Mulina on February 5, 1985, respondent averred that he "is married to Defendant Carole B. Mulina" and the promissory note "was an alleged marital debt of the Defendants." He concluded that appellants' failure to send either his attorney or him notices required by Rule 43.01 of the hearing on the default and inquiry and of the dismissal of him from their petition prejudiced him.

Appellants filed a motion August 25, 1986, to dismiss respondent's motion to set aside the default judgment for irregularity. Their motion to dismiss was accompanied by an affidavit in support and also by a

request for a written opinion. A summary of the grounds raised by their motion stated:

1) respondent lacked standing to bring the Rule 74.32 motion because he was not a party, no judgment was rendered against him and Carole B. Mulina was not complaining of the default judgment;

2) no irregularity appeared on the face of the record to set aside the judgment and that no rule or statute required appellants give respondent notice of their request for default hearing against Carole B. Mulina, of the dismissal of their petition against respondent or of the default judgment entered;

3) respondent's undue delay in proceeding under Rule 74.32 constituted either a waiver or estoppel of his right to attack the default judgment;

4) respondent's motion fails to state a claim upon which relief may be granted; and

5) appellants' dismissal of respondent was legally defensible because Carole B. Mulina and respondent, as co-signers on the promissory note, were jointly and severally liable to appellants so that appellants' dismissal of one did not preclude recovery against the other.

The affidavit filed in support of appellants' motion to dismiss respondent's motion to set aside the default judgment was from appellants' attorney. He stated that respondent's attorney knew of the default judgment as early as December 13, 1985, when both attorneys had discussed the default. He also asked that the trial court take judicial notice of another lawsuit pending before the circuit court.

The other lawsuit to which appellants' attorney referred was an action filed by respondent against Carole Mulina in December 1984 for dissolution of their marriage. The decree of dissolution was granted July 29, 1986, the same day respondent filed his motion to set aside the default judgment obtained by appellants against Carole Mulina on the promissory note. The terms of the Mulinas' signed separation agreement, approved by the trial court on that day, included the provision that respondent would assume the outstanding debt Carole Mulina owed appellants and would hold her harmless from any and all liability on it.

On August 29, 1986, Carole B. Mulina subsequently filed her motion to adopt respondent's motion to set aside the default judgment and the accompanying affidavit. Her motion alleged that she had been previously married to respondent at the time appellants initiated their action against both Mulinas, that she and respondent had since divorced, and their dissolution decree ordered respondent to indemnify and hold her harmless from any and all marital debts, that appellants had obtained a judgment against her arising out of or in connection with a marital debt, and that respondent had filed his motion to set aside the judgment entered against her for irregularity since he would be obligated to indemnify her based on the terms of their dissolution decree. She asked finally that she be allowed to adopt and incorporate respondent's motion and affidavit as part of her own motion to set aside the default judgment for irregularity pursuant to Rule 74.32.

Her motion contained no other allegations of substance. She made no attack on service on her in connection with the default judgment.

On the same day, Carole B. Mulina also filed a motion to quash and dismiss the garnishments issued against her and served on her employer.

The trial court denied Carole B. Mulina's motion to adopt respondent's motion to set aside the default judgment. We find nothing in the record reflecting any action by the trial court on her motions to quash and dismiss the garnishment. The trial court did grant respondent's motion to set aside the default judgment. The trial court found the failure of appellants to give respondent notice pursuant to Rule 43.01 of the dismissal and default constitutes an irregularity on the face of the record. Having set aside the default against Carole

B. Mulina at respondent's request, he then granted Carole B. Mulina a period within which to file her responsive pleadings.

Appellants launch a three-fold attack on the trial court's action in setting aside the default judgment against Carole B. Mulina upon respondent's motion. They contend first that respondent had no standing to bring the motion because he was neither a party to, nor bound by, the default judgment taken against Carole B. Mulina and that respondent's rights were not injuriously affected by the judgment because at the time the judgment was rendered, respondent had no obligation to indemnify Carole Mulina. Second, they argue that service of copies of the documents on respondent is not required under the rules and, further, that the irregularity alleged is not within the scope of the remedy afforded under Rule 74.32. Third, they assert laches, estoppel and waiver should preclude any remedy under Rule 74.32 to respondent.

 Appellants' first point raises the issue of respondent's standing to attack the default judgment entered against Carole B. Mulina. In a nutshell, appellants argue that, following their dismissal of respondent from their lawsuit, he was a non-party without standing to set aside a judgment entered against another. Appellants added that respondents assumption of liability for the judgment against his former wife is irrelevant because respondent entered into the indemnity agreement after, and with full knowledge of, the pre-existing judgment. We agree.

Rule 74.32 provides that "[j]udgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof." The general rule is that an application to open or vacate judgment can be made only by a party to the record who in some way has been prejudicially affected by the judgment. 49 C.J.S. *Judgments* § 293(b) (1947). While Rule 74.32 is silent about who is entitled to institute proceedings to set aside a judgment, it has been said that it is "a sound and sane rule that *only* the *real parties, directly affected,* may attack judgments by

appropriate and direct proceedings." *Inter-River Drainage Dist. of Missouri v. Henson,* 99 S.W.2d 865, 875[10] (Mo.App. 1936) (emphasis ours).

Restatement (Second) of Judgments § 76 comment a (1982) offers the following rationale for the rule:

Generally speaking, a judgment is of no legal concern to a person who is neither a party to it nor otherwise bound by it under the rules of res judicata. A judgment determines issues and claims only among those who are so bound and does not preclude another person from litigating the same issues afresh, nor does it preclude him from enforcing claims that are inconsistent with those that have been adjudicated. So far as such a third person is concerned, a judgment between others has no greater effect than a contract or conveyance between others. Ordinarily, therefore, he can simply ignore it in connection with the assertion of his own rights. And, since the judgment has no legal effect on him, he has no standing to question whether it might have other legal effects.

Although initially named as a defendant, respondent was voluntarily dismissed by appellants prior to the entry of the default judgment. After his dismissal, he was no longer a party to the default judgment. Under the rationale expressed in the *Restatement,* the default judgment was of no legal concern to him, nor was he otherwise bound by the default judgment. Appellants acquired no right to execute on their default judgment against him. In this unique procedural posture, he was not "a *real party, directly affected,*" within the meaning of *Inter-River Drainage Dist. of Missouri.* We conclude respondent had no standing to question the default judgment which had no legal effect on him.

We are aware that the general rule is subject to certain limitations. A person not a party may apply for the vacation of the judgment where his rights are injuriously affected thereby. 49 C.J.S. *Judgments* § 283 n. 48. Persons who, while not parties to the record, are the real parties in interest affected by the judgment, stand in

such relation to the judgment that they are entitled to move to set it aside or vacate it. *Id.* For example, in *Kollmeyer v. Willis,* 408 S.W.2d 370 (Mo.App.1966), an indemnitor was permitted to apply to set aside a default judgment.

*Kollmeyer* involved the setting aside of a default judgment by the trial court within thirty days of its rendition under Rule 75.-01. The default judgment against the defendant was set aside upon motion of his insurance company who was not a party to the action. Defendant had an automobile liability insurance policy with the insurance company. The indemnity contract predated the judgment. Remarking on the "factually unique case", *id.* at 372, and the "uncommon and unexplained measure of cooperation between plaintiff's attorneys on the one hand and defendant and his personal attorneys on the other hand", *id.* at 377, the court affirmed the setting aside of the default judgment by the insurance company. The court found the insurance company, although not a party to the default judgment, had standing because it would be bound on the issue of liability and damages by the default judgment against its named insured, the defendant. *Id.* at 378–79.

*Kollmeyer* is distinguishable from this case. Here, respondent admitted he had already learned of the February 1985 default judgment sometime in December 1985, six months before he agreed in the settlement of June 1985 to indemnify wife on her obligation arising from the note and resulting default judgment.

The indemnity agreement in *Kollmeyer* pre-dated the default judgment. Thus, respondent here became liable to appellants because of the default judgment against his former wife only by his voluntary assumption of his ex-wife's debt over a year after the judgment, half a year after he had learned of the default, and after efforts by appellants to execute against his former wife on their judgment.

■ While appellants may have skirted Rule 43.01 requiring they notify respondent of their voluntary dismissal of him from their lawsuit, this omission falls short of conferring standing upon him to set aside the default judgment against his former wife. Even had respondent been duly notified of appellant's intention to dismiss him or to take a default against his wife, we do not see how he would have any right, following appellants' voluntary dismissal of him from their lawsuit, to prevent the entry of the default judgment against his wife. Respondent's real complaint is with his decision agreeing to hold his wife harmless from any debt arising from the default judgment, and not the mere existence of the default judgment. It was this voluntary assumption to indemnify his former wife, executed with full knowledge of the default judgment against her, and not the default judgment, which fixed his liability to appellants. The trial court erred in setting aside the default judgment against Carole B. Mulina upon respondent's motion under Rule 74.32. Having so concluded, we need not address appellant's other points.

Judgment reversed and remanded with directions that the trial court reinstate the default judgment in favor of appellants against Carole Mulina.

SATZ, P.J., and CRIST, J., concur.