**In re Ownership of 1985 BUICK, 1G4E257YXFE411823 and 1984 Buick, 1G4AZ57YOEE417515, Plaintiff,**

**NORTHLAND AUTO BODY, INC., Appellant,**

**v.**

**M & E MOTORS, INC., Respondent.**

**No. WD 42313.**

Missouri Court of Appeals, Western District.

May 8, 1990.

P. Thomas Loughlin, Loughlin, Johnson, Campbell & Martin, Kansas City, appellant.

Bradley P. Grill, Kansas City, respondent.

In re Ownership of 1985 Buick 1G4E257YXFE411823, acting pro se.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

TURNAGE, Judge.

Northland Auto Body, Inc. appeals the setting aside of a declaratory judgment which it had obtained declaring it to be the owner of a 1984 Buick and a 1985 Buick. The judgment was set aside on the motion of M & E Motors, Inc. which claims to be the rightful owner of the two automobiles. Reversed and remanded.

Northland was requested by law enforcement officials to tow a 1984 Buick and a 1985 Buick from the premises of M & E in January 1987. In April, 1988, Northland filed a petition for declaratory judgment in the Circuit Court of Platte County seeking

a declaration that it was the true and lawful owner of the two automobiles.

The petition for declaratory judgment did not name any party except Northland and no other party appeared when Northland's petition was heard. The court entered a declaratory judgment which simply declared that Northland was the owner of the two automobiles.

Sometime after the declaratory judgment was entered M & E learned of the judgment and thereafter filed a motion to set aside the judgment under Rule 74.06(b). In its motion M & E claimed to be the rightful owner of the two automobiles and alleged that because of fraud perpetrated by Northland, M & E had been prevented from presenting evidence in the declaratory judgment action which would have shown that it was the true owner of the automobiles.

The court heard evidence on the motion of M & E and entered a judgment setting aside the declaratory judgment.

Rule 87.04 and § 527.110, RSMo 1986, provide in identical terms that no declaration made in a declaratory judgment action shall prejudice the rights of persons not parties to the proceedings. M & E was not a party to the declaratory judgment action brought by Northland and therefore the declaratory judgment could not affect any rights of M & E to the two automobiles.

*Dorris v. Mulina,* 738 S.W.2d 124, 127 (Mo.App.1987), stated:

> The general rule is that an application to open or vacate judgment can be made only by a party to the record who in some way has been prejudicially affected by the judgment. 49 C.J.S. *Judgments* § 293(b) (1947).

It is readily apparent that M & E was not prejudiced by the declaratory judgment declaring Northland to be the owner of the two automobiles because M & E was not made a party to that action.

The judgment in that action did not adjudicate any rights of M & E in the two automobiles and thus M & E could not be prejudicially affected by the declaratory judgment which declared Northland to be the owner of two automobiles. Under *Dor-*

*ris,* M & E had no standing to seek to vacate the judgment in the declaratory judgment action because M & E was not a party and its rights were not injuriously affected by the judgment.

It should further be noted that Rule 74.06(b) provides that upon motion and upon such terms as are just, the court may relieve a party or its legal representative from a final judgment or order. In addition to a lack of standing under the rule announced in *Dorris,* M & E was not entitled to file a motion to vacate the judgment under Rule 74.06(b) because M & E was not a party to the action in which the declaratory judgment was entered. Thus, M & E lacked standing under the rule in *Dorris* and also under Rule 74.06(b) to file a motion to set aside or vacate the judgment entered in the declaratory judgment action.

Obviously M & E was concerned that the declaratory judgment would somehow affect its rights in the two automobiles, but as pointed out above, such judgment cannot affect M & E's rights and thus the judgment, as far as M & E is concerned, is of no effect.

The judgment setting aside the judgment in the declaratory judgment action is reversed and this cause is remanded with directions to reinstate the judgment entered in favor of Northland in the declaratory judgment action.

All concur.