**STATE of Missouri, ex rel. Kent D. MORRIS, Acting Greene County Zoning Inspector, Plaintiff,**

v.

**Clara McDONALD, Defendant.**

**Lewis WILLS and Peggy Wills, Defendants and Third–Party Plaintiffs–Respondents,**

v.

**Carol JONES and Doug Garges, Third–Party Defendants–Appellants,**

**and**

**Sandra Lathrom, Third–Party Defendant.**

**No. 17528.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 1, 1991.

Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Springfield, for appellants.

Craig R. Oliver, Rose A. Barber, Miller & Sanford, P.C., Springfield, for respondents.

PARRISH, Judge.

This is an appeal from an order by which the trial court set aside a summary judgment it had previously entered in favor of appellants. For the reasons that follow, the order setting aside the summary judgment is affirmed.

The director of the Greene County Planning and Zoning Department (relator) caused an action to be brought against Clara McDonald (seller) and Lewis Wills and Peggy Wills (purchasers). That action sought enforcement of a county zoning regulation that requires tracts of real estate in areas of Greene County that are zoned "A–1" to contain at least 4.75 acres. Relator's petition alleged that seller had sold a tract of real estate to purchasers that was located within such an area but contained less than 4.75 acres. Injunctions were sought directing seller and purchasers "to forthwith abate" violation of the applicable zoning regulations and commanding seller and purchasers to remove a mobile home.

Purchasers filed a crossclaim against seller seeking money damages for representations that seller allegedly made that she "knew or should have known ... were false or were made carelessly and recklessly" and upon which purchasers relied. The alleged misrepresentations were that the property that purchasers acquired could be used as a site for a mobile home while other housing was constructed; that a "new home" could be constructed by purchasers on the property; that the mobile home could remain after the new home was constructed "as a rental unit"; and that all such uses of the property "would be in compliance with Greene County zoning regulations."

After they had filed their crossclaim (and an amended crossclaim), purchasers filed a Motion to Add Parties and to Amend Crossclaim of Defendants Wills [purchasers]

Against Defendant McDonald [seller] that requested "the court to add as party defendants ... Carol Jones d/b/a Carol Jones Realtors, Doug Garges, and Sandra Lathrom d/b/a Realty Closing Services." Thereafter, but without first obtaining leave of court, purchasers filed a pleading entitled "Crossclaim of Defendants Wills [purchasers] Against Carol Jones, Doug Garges and Sandra Lathrom," the caption of which identified Jones, Garges and Lathrom as "Third Party Defendants." Purchasers alleged, by that pleading, that the "Third Party Defendants" were agents of seller. Purchasers contended that the "Third Party Defendants" had acted "in a fiduciary and confidential relationship with Defendants Wills [purchasers]" and sought damages because the property was not zoned so that purchasers could use it in the manner they originally planned. By a separate count against Garges, purchasers sought punitive damages for representations that Garges allegedly made that he knew were false or that he made without knowing "whether said representations were true or false" and upon which purchasers relied in deciding to purchase seller's property.

"Third Party Defendants" Carol Jones and Doug Garges filed a motion in the trial court to dismiss the claim purchasers were making against them. They later filed a motion for summary judgment. Between the time the motion to dismiss was filed and the time the motion for summary judgment was filed, relator and seller settled their dispute and, in accordance with the terms of that settlement, seller was enjoined "from conveying, transferring, and encumbering any real property in a manner in violation of Greene County, Missouri planning and zoning regulations," and the original action was dismissed as to purchasers.

On March 5, 1991, after relator's action was concluded, the trial court granted a summary judgment in favor of "Third Party Defendants" Jones and Garges and against purchasers. The summary judgment recited that the attorneys for Jones and Garges and for seller had appeared, but that there were "no other parties appearing, although all other parties ha[d] been duly notified of the hearing scheduled for said Motion."

On March 14, 1991, purchasers filed a motion to set aside the summary judgment. It alleged that "the summary judgment was granted by reason of the excusable neglect of defendants Wills [purchasers]" and relied upon Rule 74.06(b) as the basis for seeking to set the summary judgment aside.

On April 8, 1991, attorneys for purchasers, attorneys for Carol Jones and Doug Garges, and an attorney for Sandra Lathrom appeared in the trial court for a hearing on purchasers' motion to set aside the summary judgment. The trial court advised the parties that the court file reflected that the persons in whose favor the summary judgment was granted, Jones and Garges, had "never been made a party in this—parties in this proceeding and have never been added so that there can be no judgment in their favor in this court." After determining that all issues in the case "between the plaintiff [relator] and defendants [seller and purchasers] were disposed of," the trial court advised those present, "That being true, then, the Court would not entertain a motion to add parties in this proceeding." The trial court announced the following action:

I am going to recess this hearing, and I announced to the parties that in fourteen days from this date, I am going to make an order in this case which sustains the motion to set aside the judgment, and I will strike the judgment.

On April 23, 1991, the trial court made the following docket entry:

Summary Judgment entered on March 4, 1991 in favor of Carol Jones and Doug Garges and against Defts Wills on the claim of Lewis Wills and Peggy Wills against Carol Jones and Doug Garges set aside in accordance with announcement made on April 8, 1991.

■ Appellants raise two points on appeal. They contend that the thirty-day period in which the trial court could otherwise act on the summary judgment by reason of

Rule 75.01 had passed; therefore, unless the trial court acted under Rule 74.06(b), on the basis of excusable neglect, appellants contend that it had no control over the summary judgment to "vacate, reopen, correct, amend, or modify its judgment"—that the trial court's authority was limited to considering whether to set aside the summary judgment under Rule 74.06(b). By their second point appellants contend that, notwithstanding that purchasers never obtained leave of court to add appellants as parties, appellants, by filing their motion for summary judgment and otherwise participating in the suit, "waived" that defect. Appellants contend the trial court, therefore, erred by striking the summary judgment that had been granted in their favor.

Rule 75.01, to which appellants refer in their first point on appeal, states:

> The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

. . . . .

Here, the summary judgment was granted March 4, 1991. The order setting aside the summary judgment was entered April 23, 1991, more than thirty days after the summary judgment was granted. Appellants argue that Rule 74.06(b) is independent of Rules 75.01 and 81.05 with respect to determining the authority that a trial court has to set aside or otherwise change a judgment. Rule 81.05 addresses the finality of judgments for purposes of appeal. It provides:

> For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed.... Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within

which an appeal must be taken and all such after-trial motions shall be disposed of at the same time. Any authorized after-trial motion not passed on at the time the motion for a new trial is determined shall be deemed overruled as of the same date. The filing and disposition of such motions has the same effect as to time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court.

If a motion for new trial (or other "authorized after-trial motion") is filed, Rule 78.04 provides that "the judgment is not final until disposition of all such motions."[1] No motion for new trial was filed in this case.

Appellants contend that a motion seeking relief under Rule 74.06(b) is not "an authorized after-trial motion" as described in Rule 81.05 and, therefore, the filing of such a motion does not extend the time in which the trial court may enter an order that affects a previously entered judgment other than to determine its validity in accordance with Rule 74.06(b). This court agrees. However, that issue is not determinative of this appeal.

 In order for an individual's rights or interests to be affected by a suit, he or she must be a party to that litigation. *Schaeffer v. Moore*, 262 S.W.2d 854, 858 (Mo.1953). A court has no jurisdiction over someone not a party to the action that is before it. *See Stein v. Mercantile Home Bank & Trust Co.*, 347 Mo. 732, 148 S.W.2d 570, 573 (1941). The issue upon which this appeal must be decided is whether appellants were parties to the action that they now seek to appeal. If appellants were parties, their position that the trial court lacked authority to strike the summary judgment because it no longer had control over that judgment may be sound. If they were not parties, the summary judgment was of no effect.

"In order to be a party, a person 'must either be named as a party in the original pleadings, or be later added as a party by appropriate trial court orders.'" *Jines v.*

---

**1.** "If the motion for a new trial is not passed on within 90 days after the motion is filed, it is denied for all purposes." Rule 78.06.

*Director of Revenue,* 788 S.W.2d 801, 802 (Mo.App.1990), *quoting Proctor v. Director of Revenue,* 753 S.W.2d 69, 70 (Mo. App.1988). *See also* Rules 52.06 and 55.02.

The pleadings in this case are not concise, procedurally, for purposes of discerning the type of action that purchasers sought to bring against Carol Jones, Doug Garges and Sandra Lathrom. Purchasers attempted to assert a claim against those persons by filing a pleading entitled, *"Crossclaim* of Defendants Wills [purchasers] Against Carol Jones, Doug Garges and Sandra Lathrom." (Emphasis added.) In the caption of that purported pleading, Carol Jones, Doug Garges and Sandra Lathrom were designated as "Third Party Defendants." Purchasers sought damages against Jones, Garges and Lathrom for negligence and gross negligence in allegedly failing to advise purchasers that the real estate that was the subject of the action brought by relator was conveyed contrary to county zoning regulations and that purchasers' anticipated use of that property would violate county zoning regulations. Purchasers also sought punitive damages against Garges for allegedly making false representations to them regarding the applicable zoning regulations.

A crossclaim is a "claim by one party against a co-party." Rule 55.32(f). "Parties other than those made parties to the original action may be made parties to a ... cross-claim in accordance with the provisions of Rules 52.04 and 52.05." Rule 55.32(g). Rules 52.04 and 52.05 identify

the type of interests necessary for persons to be joined as parties plaintiffs and defendants. Rule 52.06 provides, as pertinent here, that "[p]arties may be dropped or added *by order of the court* on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Likewise, in order for a nonparty to assert a claim of the nature authorized by Rule 55.32, leave of court is required in order for the non-party to become a party to the action. *See Standard of Beaverdale, Inc. v. Hemphill,* 746 S.W.2d 662, 664 (Mo.App.1988).

A third-party defendant is a person, not previously a party to the action, who is brought into an action by a defending party, the third-party plaintiff, under such facts whereby the third-party defendant "is or may be liable to [the third-party plaintiff] for all or part of the plaintiff's claim against him." Rule 52.11(a). It is not necessary to obtain leave to secure service upon a third-party defendant if the third-party plaintiff files a third-party petition "not later than ten days after he serves his original answer." *Id.* Otherwise he must obtain leave on motion upon notice to all parties to the action. *Id.*

Without attempting to determine whether the claims that purchasers undertook to assert against Jones, Garges and Lathrom were, in fact, third-party claims pursuant to Rule 52.11, this court notes the following from the legal file that is part of the record on appeal in this case.[2] The petition was

---

**2.** The legal file in this case is deficient in several respects. Neither it nor the "Supplemental Legal File" that has been provided contain a copy of the notice of appeal, nor are the copies of the pleadings therein in chronological order. This court, nevertheless, has, *sua sponte,* determined that the necessary notice of appeal was timely filed. Further, the circuit clerk's certification of the documents in the legal file is of questionable value in that it certifies at the *beginning* of a series of documents that the *"foregoing* instrument [sic] is a full, true and complete copy of the COMPLETE LEGAL FILE." (Emphasis of word "foregoing" added.) Since the legal file is not a part of the trial record, but consists of documents from the trial court that the clerk is to certify as being "true copies of portions of the trial record, proceedings, and evidence previously reduced to writing and filed in the trial court," Rule 81.14(e), for the clerk to certify

something as "COMPLETE LEGAL FILE" is inaccurate to the point of being an oxymoron. The legal file does not exist as part of the trial record, thus it is inaccurate for the clerk of the trial court to identify its contents, for purposes of the certification required by Rule 81.14(e), as "legal file." It is the clerk's duty to certify copies of documents, etc., from the trial court's files in order that those materials may be included in the legal file that appellant prepares. It behooves counsel who prepare and assemble legal files as part of records on appeal, and clerks who are called upon to certify portions of trial records in order that they may be included in legal files that become parts of records on appeal, to carefully review Rules 81.12 and 81.14 in order to assure that their actions in certifying copies of documents to be included in legal files and in preparing legal files comply with those rules.

filed May 2, 1990. Neither Carol Jones, Doug Garges nor Sandra Lathrom were included as defendants. Although the legal file contains no answer of purchasers, the docket sheets that are included in a "Supplemental Legal File" reflect "Answer of Defendants Lewis Wills and Peggy Wills [purchasers] filed" on July 19, 1990. On March 29, 1990, purchasers filed a motion stating that they "herewith move the court to add as party defendants ... Carol Jones d/b/a Carol Jones Realtors, Doug Garges, and Sandra Lathrom d/b/a Realty Closing Services." On January 2, 1991, purchasers' "Crossclaim of Defendants Wills Against Carol Jones, Doug Garges and Sandra Lathrom" was filed.

The pleading that purchasers denominated as a "crossclaim," but in which they identify Jones, Garges and Lathrom as "third party defendants" was filed more than ten days after purchasers' original answer was filed and served. No leave was obtained to file a "third party petition." *See* Rule 52.11. No leave was granted to otherwise "add as party defendants ... Carol Jones d/b/a Carol Jones Realtors, Doug Garges, and Sandra Lathrom d/b/a Realty Closing Services." *See* Rule 52.06. Purchasers never *sought* a ruling by the trial court on its motion to add those persons as parties.

■ Regardless of whether purchasers' pleading undertook to state claims in the nature of crossclaims or third-party claims, appellants were never made parties to this action. Appellants claim, however, that they "waived" the requirement for purchasers to obtain leave of court in order to make them parties. They cite *Baum v. Glen Park Properties*, 660 S.W.2d 723 (Mo. App.1983), and *Sega Enterprises, Inc. v. Bengiminia*, 589 S.W.2d 366 (Mo.App. 1979), and Rule 55.27(g) as authority for that claim. Appellants say that their participation in this case before the trial court is sufficient to permit them to be bound (and to cause purchasers to be bound) by the summary judgment that the trial court struck. This court does not so find.

In *Baum* and in *Sega Enterprises*, persons bound by judgments had been named as parties in the respective actions. Those persons had been identified as parties in the original pleadings. Therefore, those persons were entitled to enter appearances and proceed as parties and thereby be bound by the final adjudications in those cases. Likewise, Rule 55.27(g) applies to parties to an action who, for various reasons, are deemed to have waived certain procedural defects. In this case neither Carol Jones nor Doug Garges became a party in that they were not named in the original pleading filed by relator nor added by order of the trial court. Neither *Baum* nor *Sega Enterprises* is helpful to appellants nor is Rule 55.27 helpful to them.

The pleading by which purchasers undertook to assert claims against appellants and the service of that pleading were nullities. *See Warner–Lambert Co. v. Patrick*, 428 So.2d 718, 719 (Fla.App. 4 Dist.1983). As the trial court determined, since appellants were not parties to the action, the summary judgment had been erroneously granted and was required to be stricken. The order setting aside the summary judgment is affirmed.

PREWITT, P.J., recuses.

CROW and MONTGOMERY, JJ., concur.