## In re the MARRIAGE OF Mark Alan ROEMER and Debra Lee Roemer.

### Mark Alan Roemer, Respondent,

v.

### Debra Lee Roemer, Appellant.

### No. 22495.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 20, 1999.

Richard D. Crites, Springfield, for appellant.

No appearance for respondent.

CROW, Presiding Judge.

Debra Lee Roemer appeals from an "Order Striking Respondent's Pleadings and Reinstating Judgment and Decree." The procedural shoals this court must navigate are best charted by a chronology of the pertinent events.

March 24, 1997. Mark Alan Roemer, husband of Debra,[1] files pro se petition for

---

1. For brevity and clarity, this opinion refers to the parties by their respective forenames.     No disrespect is intended.

dissolution of marriage in the Circuit Court of Greene County.

January 21, 1998. Mark appears before a Family Court commissioner.[2] Debra fails to appear.[3] The commissioner hears evidence and signs a "Judgment and Decree of Dissolution of Marriage,"[4] which is filed that day by the circuit clerk. The purported judgment, *inter alia*, sets apart to each party his or her non-marital property, divides the marital property, and assigns debts.[5]

January 26, 1998. Debra, by lawyer Richard D. Crites, files sundry motions including a "Motion to Set Aside Default Judgment and for Rehearing," a "Motion to File Answer and Counterpetition [sic] out of time," and a "Motion for Temporary Restraining Order." That same day (January 26, 1998), the commissioner who signed the purported judgment January 21, 1998, signs a "Temporary Restraining Order and Order to Show Cause." That document bars Mark from transferring or otherwise disposing of "marital or separate property of the parties" until further order of the court and commands Mark to appear on February 2, 1998, to show cause

why, *inter alia*, the purported judgment of January 21, 1998, should not be set aside.

February 2, 1998. Docket entry by Circuit Judge J. Miles Sweeney[6]: "PETR BY ATTY FOSSARD [7], RESP DOES NOT APPEAR. (BUT JUDGE MOUNTJOY IS NOT AVAILABLE, AND THAT MAY BE THE REASON ATTY CRITES DOES NOT APPEAR.) MOTION TO SET ASIDE DEFAULT JUDGMENT OF DISSOLUTION GRANTED. PETR ORDERED TO NOT SELL OR TRANSFER PROPERTY UNLESS WITH PERMISSION OF COURT. . . ."

February 10, 1998. Fossard,[8] identifying himself as attorney for Mark, mails "Petitioner's First Set of Interrogatories to Respondent" and "Petitioner's Request for Production of Documents to Respondent" to Crites. That same day, Fossard files certificate of service with circuit clerk.

May 26, 1998. Fossard files "Petitioner's Motion to Compel Respondent's Answers to Petitioner's First Set of Interrogatories and Request for Production of Documents." Motion alleges, *inter alia:* "[O]n April 14, 1998, [Fossard] sent a letter to [Crites] requesting that the inter-

**2.** Sections 1 through 14 of H.B. No. 346, Laws of Missouri 1993, pp. 1204–10, now codified as chapter 487, RSMo 1994, created in the circuit courts of certain judicial circuits a division designated as the Family Court. Judicial Circuit 31 (Greene County) is one of those circuits. § 487.010.1(6).

**3.** The commissioner found Debra was "duly served" and was in default.

**4.** A student of domestic relations law will recall that on March 24, 1998, two months after the commissioner signed the purported judgment in the instant case, the Supreme Court of Missouri held no appeal lay from a purported judgment signed by a commissioner of the Circuit Court of St. Louis County. *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998). The opinion explained: "Because the [purported judgment is] not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution, no final appealable judgment has been entered, and this Court is without jurisdiction." *Id.* Three months after *Slay*, the Supreme Court of Mis-

souri decided *State ex rel. York v. Daugherty*, 969 S.W.2d 223 (Mo. banc 1998). The holding of *York*, as this court comprehends it, is that if, prior to *Slay*, (a) no party challenged the validity of a commissioner's purported judgment on constitutional grounds at a hearing per § 487.030, and (b) all parties assumed the benefits and burdens of the purported judgment, all parties are estopped from thereafter challenging its validity. *Id.* at 225[6].

**5.** The purported judgment recites no children were born of the marriage and Debra is not pregnant. The purported judgment awards no maintenance or attorney fees to either party, and taxes costs against Mark.

**6.** This court deduces the entry was made by Judge Sweeney, as the typewritten initials "JMS" appear at the end of the entry.

**7.** Lawyer James R. Fossard.

**8.** Footnote 7, *supra.* For brevity and clarity, this opinion refers to lawyers Fossard and Crites by their respective surnames. No disrespect is intended.

rogatories and request for production of documents be answered by April 20, 1998. As of this date, no answers and responses have been filed." Motion prays for an order compelling Debra to answer the interrogatories and respond to the request for production, and "for sanctions upon failure to answer, including attorney fees, and for such other and further relief as the Court deems just. . . ." Motion is accompanied by notice that Fossard will present the motion for hearing June 8, 1998, at 9:00 a.m.

June 8, 1998. Docket entry by commissioner: "Petitioner's attorney Fossard appears and Motion to compel is sustained. Respondent' spleading [sic] to be stricken unless discovery requests complied with no later than 20 days." [9]

June 30, 1998. Family Court Judge Thomas E. Mountjoy signs and files "Order Striking Respondent's Pleadings and Reinstating Judgment and Decree." Order provides, in pertinent part:

> "[T]he Court finds that a Judgment and Decree of Dissolution of Marriage was previously entered by this Court on January 21, 1998, which was ultimately set aside at the request of [Debra]. Thereafter, [Mark] propounded certain interrogatories to [Debra] which remained unanswered. Following this Court's consideration of [Mark's] Motion to Compel Answers to Interrogatories, the Court on June 8, 1998, ordered [Debra] to answer the interrogatories within 20 days, otherwise, [her] pleadings would be stricken. This Court finds that [Debra] has not filed answers to those interrogatories or produced the documents requested and, therefore, [Debra's] pleadings are stricken and the previous Judgment and Decree of Dissolution of Marriage entered on January 21, 1998, is reinstated as the Judgment and Order of this Court."

This court notes parenthetically that the only "pleadings" Debra filed prior to the above order were her motions of January 26, 1998. After the February 2, 1998, docket entry (ostensibly setting aside the purported judgment of January 21, 1998), Debra did not seek a ruling on her motion of January 26, 1998, to file an answer and cross-petition. [10]

The next activity of record occurred August 10, 1998, when Crites, on Debra's behalf, filed a "Motion to Set Aside Order." It prayed the trial court to set aside the June 30, 1998, order. The motion was accompanied by affidavits of Crites and Debra setting forth explanations for (a) the failure to respond to Mark's interrogatories and request for production, and (b) the failure to comply with the June 8, 1998, order.

Simultaneously with the filing of the above-described documents, Crites, on Debra's behalf, commenced this appeal by filing a notice of appeal from the June 30, 1998, order.

◼ Debra's brief presents three points relied on, the first of which reads:

> "The trial court erred in entering the July [sic] 30, 1998 order striking [Debra's] pleadings and reinstating judgment and decree, for [Debra's] failure to comply with discovery within 20 days of the June 8, 1998 order granting [Mark's] motion to compel, because Rule 74.03, . . . Rule 43.01(A) and Missouri case law requires that notice of an order be given to a party who has not appeared at a hearing and was not in court at the time of the entry of the order, in that in the case below, neither [Debra] nor her counsel appeared at the June 8, 1998 hearing and there was no notice given [Debra] or her attorney of the fact of the entry of the June 8, 1998 order, by

---

**9.** Debra's brief, authored by Crites, avers Crites did not appear at the June 8, 1998, hearing because "his secretary did not calendar the notice of the hearing on his office calendar, but merely placed the same in the file maintained for [Debra]."

**10.** In *Weber v. Weber*, 908 S.W.2d 356, 359[2] (Mo. banc 1995), the court referred to a pleading by a respondent seeking a dissolution of marriage as a "cross-petition."

either [Mark] or the clerk of the court below of the June 8, 1998, docket entry which required [Debra] to comply with discovery within twenty days, or that [her] pleadings would be stricken, and [Debra] was denied due process of law and the opportunity to comply with the June 8, 1998 order, and therefore the July [sic] 30, 1998, order was void and an abuse of discretion."

Rule 74.03,[11] cited in Debra's first point, has remained unchanged since July 1, 1996. It reads:

"Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.... "

The record on appeal consists exclusively of a legal file, Rule 81.12(a), comprising documents certified by the circuit clerk December 7, 1998. Rule 81.15(a). As of that date, the legal file shows no attempt by Crites to obtain a ruling by the trial court on Debra's "Motion to Set Aside Order" (henceforth referred to as the "Rule 74.03 Motion").

As reported earlier, the Rule 74.03 Motion was filed August 10, 1998, well within the six-month deadline in Rule 74.03. Debra's brief yields no clue as to why she commenced this appeal before seeing whether she could prevail on the Rule 74.03 Motion.

Appeals may be taken from only final judgments. *Green v. City of St. Louis*, 870 S.W.2d 794, 798[12] (Mo. banc 1994). A final judgment disposes of all issues and all parties in the case and leaves nothing for future determination. *Id.* If an appeal is taken from a judgment that is not final, an appellate court lacks jurisdiction and must dismiss the appeal. *Gibson v. Brewer*, 952 S.W.2d 239, 244[3] (Mo. banc 1997).

Assuming—without deciding—that the June 30, 1998, order constituted a valid entry of judgment incorporating in toto the purported judgment of January 21, 1998, such judgment would have apparently disposed of all issues and all parties, and would have left nothing for future determination. However, on the date Crites filed Debra's notice of appeal, there was an unresolved issue about the June 30, 1998, order which awaited future determination. That issue was whether the June 30, 1998, order should be set aside for the reasons pled in the Rule 74.03 Motion.

This court noted earlier that according to the legal file, no ruling had been made on the Rule 74.03 Motion as of December 7, 1998. By that time, more than ninety days had elapsed since the filing of the Rule 74.03 Motion. Consequently, one might wonder whether Rule 78.06[12] automatically denied the Rule 74.03 Motion, or whether the June 30, 1998, order became final for purpose of appeal pursuant to Rule 81.05(a).[13]

Although this court finds no case addressing that precise question, this court concludes from analogous cases that the answer is no.

In *Clark v. Brown*, 794 S.W.2d 254 (Mo. App. S.D.1990), this court held a motion

---

**11.** References to rules are to Missouri Rules of Civil Procedure (1999).

**12.** Rule 78.06, which has remained unchanged since July 1, 1996, reads, in pertinent part:

"If the motion for a new trial is not ruled on within ninety days after the motion is filed, it is overruled for all purposes."

**13.** Rule 81.05(a), which has remained unchanged since July 1, 1996, reads, in pertinent part:

"In the event a motion for a new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is ruled on at an earlier date, then at the later of the date of disposition of said motion or thirty days after entry of judgment. Authorized

under Rule 74.05(c), effective January 1, 1988,[14] to set aside a default judgment was not an after-trial motion within the meaning of Rule 81.05, hence Rule 78.06 did not automatically deny the motion to set aside the default judgment ninety days after the motion was filed. *Id.* at 255–56[2]. *Clark* explains:

> " . . . motions [for new trial] must be filed within 15 days after judgment[[15]] and will be automatically denied if not otherwise ruled at the end of 90 days. These time limitations cannot logically apply to motions to set aside defaults, which now may be filed as long as one year after the rendition of the default."

*Id.* 256.

In *State ex rel. Morris v. McDonald*, 817 S.W.2d 923 (Mo.App. S.D.1991), this court held a motion under Rule 74.06(b) to set aside a judgment on the basis of excusable neglect[16] was not an authorized after-trial motion as described in Rule 81.05. *Id.* at 925–26[1].

In *Thompson v. St. John*, 915 S.W.2d 350 (Mo.App. S.D.1996), this court, relying on *Clark*, 794 S.W.2d at 255–56[2], held a motion under Rule 74.05(d)[17] to set aside a default judgment was not governed by rules pertaining to a motion for new trial, hence the motion was not automatically denied ninety days after it was filed. *Thompson*, 915 S.W.2d at 358[8, 9].

As we have seen, Rule 74.03 (quoted earlier in this opinion) gave Debra six months to file her Rule 74.03 Motion. Consistent with the rationale of *Clark*, 794 S.W.2d at 255–56[2], *Morris*, 817 S.W.2d at 925–26[1], and *Thompson*, 915 S.W.2d at 358[8, 9], this court holds Debra's Rule 74.03 Motion was not automatically denied by Rule 78.06 when ninety days elapsed after its filing; this court further holds the June 30, 1998, order did not become final for purpose of appeal under Rule 81.05(a) when ninety days elapsed after the Rule 74.03 Motion was filed.

Accordingly, this court holds the Rule 74.03 Motion remained pending at the time the legal file was certified in this appeal (December 7, 1998). Until the Rule 74.03 Motion is ruled on by the trial court, the June 30, 1998, order cannot be final, as the trial court is empowered to set it aside if the court finds merit in the Rule 74.03 Motion.

It follows that this appeal must be dismissed, as there is no final judgment. *Gibson*, 952 S.W.2d at 244[3].

Appeal dismissed.

PARRISH and SHRUM, JJ., concur.

---

after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken, and all such after-trial motions shall be disposed of at the same time. Any authorized after-trial motion not ruled on at the time the motion for a new trial is determined shall be deemed overruled as of the same date."

14. Paragraph "(c)" of Rule 74.05 as promulgated January 1, 1988, is now paragraph "(d)" of Rule 74.05. It reads, in pertinent part:

"Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment."

15. The current version of Rule 73.01(a)(4), which has been in force since January 1, 1997, provides that in a case tried without a jury, a party may, but need not, file a motion for new trial not later than thirty days after entry of judgment.

16. Rule 74.06(b), which has remained unchanged since January 1, 1988, reads, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment or order for the following reasons: (1) . . . excusable neglect. . . ."

Such a motion must be filed within a reasonable time and not more than one year after the judgment or order is entered. Rule 74.06(c).

17. Footnote 14, *supra*.