STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, Family Support Division, Plaintiff/Appellant,

and

Adrienne M. Anderson n/k/a Jordan, Plaintiff,

v.

Gregory L. ANDERSON, Defendant/Respondent.

No. ED 89624.

Missouri Court of Appeals, Eastern District, Division Five.

June 29, 2007.

**60**

Rebecca Holt Kuether, St. Louis, MO, for Department of Social Services Family Support Division.

Adrienne Anderson, Florissant, MO, Pro Se.

Gregory Louis Anderson, Florissant, MO, Pro Se.

BOOKER T. SHAW, Chief Judge.

State of Missouri, Department of Social Services, Family Support Division (Appellant) appeals from an order denying its motion to review and approve a proposed modification of a judicial order. The appeal is dismissed.

■ This Court has an obligation to determine *sua sponte* whether it has jurisdiction to entertain an appeal, and if we lack jurisdiction, we should dismiss the appeal. *Bryant v. City of University City,* 105 S.W.3d 855, 856 (Mo.App. E.D.2003). In a civil case, a judgment must be expressly denominated "judgment" or "decree" to be appealable. Rule 74.01(a); *Williams v. Imperial Homes, Inc.,* 169 S.W.3d 554, 555 (Mo.App. E.D.2005). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

■ Here, Appellant filed a motion to review and approve a proposed modification of a judicial order, which would modify the amount of child support owed by Gregory Anderson (Respondent). The trial court wrote, "Denied" on the proposed modification and then signed and dated its denial. This denial is not denominated a judgment as required by Rule 74.01(a).

We issued an order directing Appellant to show cause why its appeal should not be dismissed and providing Appellant an opportunity to ask the circuit court to enter a judgment that complied with Rule 74.01(a). Appellant has failed to respond to our order and has not filed a judgment complying with Rule 74.01(a).

We dismiss the appeal without prejudice for lack of a final, appealable judgment.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.