**In the Interest of R.R.R. M.C., Petitioner–Appellant,**

v.

**R.J.R. and R.R., Respondents–Respondents.**

**No. 28260.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 2007.

Susan F. Butler, Joplin, MO, for Appellant.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

M.C. ("Appellant") appeals from the trial court's denial of his motion to vacate the Judgment of Adoption and Termination of Parental Rights entered by the Juvenile Division of the Circuit Court of Jasper County, wherein the court granted the adoption of a minor child R.R.R. ("Child") by R.J.R. and R.R. (referred to collectively as "Adoptive Parents") and terminated the

parental rights of the natural mother L.R. ("Mother"), and all male individuals, including Appellant, who might allege to be the natural father. Because we find, in exercising our duty to *sua sponte* review for jurisdiction, that the trial court did not have jurisdiction to entertain or consider Appellant's motion to vacate the judgment, in that Appellant was not a party to the adoption proceedings, we dismiss the appeal for lack of jurisdiction.

### (1) Factual and Procedural Background

Mother and Appellant were students at the same high school. In April of 2004, Mother learned that she was pregnant. One month later she told Appellant, whom she believed was the baby's father. Appellant was sixteen years old at the time and turned seventeen a month later. Appellant and Mother had little contact with each other after that point, although they continued to attend high school together from August through December of 2004. Mother gave birth to Child on December 23, 2004, while on Christmas break from school. Appellant did not know that Child was born until Mother's friend told him sometime thereafter, but before the end of the break. Appellant did not register with the Putative Father Registry within fifteen days of Child's birth, nor take other action to officially acknowledge or establish his paternity, and his name was not put on Child's birth certificate. *See* section 192.016, RSMo Cum.Supp.2006.

On April 7, 2005, Adoptive Parents, who are Child's maternal grandparents, filed a Petition for Adoption. The Petition did not name Appellant as a party, although it stated Appellant was "believed to be" Child's father, and no service of process upon Appellant was requested or obtained.

A few days later, Appellant filed a separate Petition for Declaration of Paternity. In that case, he was represented by an attorney, and his mother was appointed to represent his interest as next friend. On May 25, the adoption court entered an order transferring custody of Child to Adoptive Parents. One month later, on June 23, Appellant turned eighteen. In August, Appellant through his attorney filed a motion to intervene in the adoption action. Thereafter, Appellant never pursued that motion, and it was never ruled upon by the trial court. In September, Appellant filed a motion to consolidate his paternity action with the adoption action, which was denied by the trial court. In October, Appellant's attorney moved to withdraw as the attorney of record for Appellant in the adoption action, and the trial court granted leave for such withdrawal. On November 7, the trial court sent a notice to Appellant that a hearing would be held on the Petition for Adoption on November 30, 2005. The hearing was held as scheduled, and Appellant did not appear. The court entered the Judgment of Adoption and Termination of Parental Rights on December 9, 2005. The Judgment granted the adoption of Child by Adoptive Parents and terminated the parental rights of Mother and all male individuals, including Appellant. No appeal of this judgment was filed. On November 3, 2006, Appellant filed a motion to vacate the Judgment of Adoption. The court held a hearing on this motion on December 13, 2006, and thereafter entered a judgment denying it. Appellant timely appealed the trial court's judgment denying this motion.

### (2) Discussion

■■ Before we can reach the merits [1] of this appeal, we have a duty to consider *sua sponte* whether we have jurisdiction to

---

1. Appellant raises three points on appeal of the trial court's denial of his motion to vacate

hear this appeal. *State of Missouri, Dept. of Social Services v. Anderson*, 228 S.W.3d 59, 60 (Mo.App.2007). If we lack jurisdiction, we must dismiss the appeal. *State ex rel. Stude v. Jackson*, 213 S.W.3d 208, 209 (Mo.App.2007). Our jurisdiction depends on whether the trial court had authority to enter the judgment from which Appellant seeks review. *Brock v. Blackwood*, 143 S.W.3d 47, 55 (Mo.App.2004). If the trial court lacked authority "to enter the judgment on which review is sought, then the appellate court lacks jurisdiction to review it on the merits." *Id.*

Believing that Appellant's consent to the adoption was not required, Adoptive Parents did not name Appellant as a party in the Petition for Adoption and did not seek or obtain service of process of the petition upon Appellant. Appellant filed a motion to intervene in the adoption action, but he never pursued a ruling on that motion, and the court never ruled on it. Thus, that motion was implicitly denied by the trial court. *See American Family Mut. Ins. Co. v. Missouri Dept. of Ins.*, 169 S.W.3d 905, 915 n. 6 (Mo.App.2005); *Young v. Young*, 59 S.W.3d 23, 26 (Mo.App.2001). Both Appellant and Adoptive Parents state and admit in their briefs on appeal that the motion to intervene was implicitly denied by the trial court. Appellant also filed a motion to consolidate his paternity action with the adoption action, but that motion was denied by the trial court. Appellant did not timely appeal the denial of either motion.

■ "In order to be a party, a person must either be named as a party in the original pleadings, or be later added as a party by appropriate trial court orders." *State ex rel. Morris v. McDonald*, 817 S.W.2d 923, 926–27 (Mo.App.1991). *See also Parkhurst v. Parkhurst*, 799 S.W.2d 159, 160 (Mo.App.1990). Consequently, Appellant was never a party to the underlying adoption action. *State ex rel. Morris* and *Parkhurst*, *supra*. *See also State ex rel. Wolfner v. Dalton*, 955 S.W.2d 928, 929 (Mo. banc 1997). Because Appellant was not a party to the adoption action, the Judgment of Adoption is not binding upon him, and he has no standing to challenge it. *McDonald*, 817 S.W.2d at 926; *In re 1985 Buick*, 788 S.W.2d 548, 549 (Mo.App. 1990); *Dorris v. Mulina*, 738 S.W.2d 124, 127–28 (Mo.App.1987).

The Judgment of Adoption was entered on December 9, 2005, and with no after trial motions having been timely filed, became final thirty days later. Rule 81.05(a)(1).[2] Once that Judgment became final, the trial court's authority and control over it expired. Rule 75.01; *State ex rel. Wolfner*, 955 S.W.2d at 930. The trial court thereafter had "no power to modify or vacate it, except upon a proper direct attack." *Ratermann v. Ratermann*, 485 S.W.2d 80, 84 (Mo.1972). Unless applicable Supreme Court rules for relief from a judgment are utilized to mount such a direct attack, a trial court is without authority to entertain proceedings affecting

the Judgment of Adoption. Point I contends the trial court erred in finding Appellant's consent to the adoption was not required because Appellant "was recognized" as the natural father and his consent is required under section 453.040, RSMo 2000. Point II contends the Adoptive Parents committed extrinsic fraud in failing to state in the petition for adoption that Appellant was a minor, which resulted in the court failing to appoint a guardian ad litem for him as required by Rule 52.02 and section 453.025.2, RSMo Cum.

Supp.2006. Point III contends the trial court's finding that Appellant received notice of the adoption hearing was against the weight of the evidence because he did not receive notice of the hearing, and there was no evidence presented that he received notice of the hearing.

2. All references to rules are to Missouri Court Rules (2006).

the judgment after that judgment becomes final. *Schobert v. Pelfresne*, 91 S.W.3d 692, 694 (Mo.App.2002) (citing *Cozart v. Mazda Distributors (Gulf), Inc.*, 861 S.W.2d 347, 352 (Mo.App.1993)).

While Rule 74.06(b) grants the trial court authority, upon motion and upon such terms as are just, to relieve *a party or its legal representative* from a final order or judgment after it has become final, Appellant could not invoke the authority granted the trial court by that rule because he was not a party to the adoption action. *State ex rel. Wolfner*, 955 S.W.2d at 930; *In re 1985 Buick*, 788 S.W.2d at 549.

Appellant's motion to vacate might be construed as an independent action in equity to vacate the judgment under Rule 74.06(d). *Cozart*, 861 S.W.2d at 352. We need not consider whether it should be construed in that manner, however, because Rule 74.06(d) likewise limits such relief to "a party." Rule 74.06(d).

In the absence of an applicable Supreme Court rule, the trial court did not have authority to entertain Appellant's motion to vacate. *State ex rel. Wolfner*, 955 S.W.2d at 931; Rule 74.06(b); Rule 74.06(d). Because the trial court lacked authority to consider Appellant's motion to vacate in the first instance and, thus, lacked authority to enter the judgment denying it, we lack jurisdiction to review such denial on the merits. *Brock*, 143 S.W.3d at 55. Accordingly, we must dismiss this appeal. *State ex rel. Stude*, 213 S.W.3d at 209.

### (3) Decision

The appeal is dismissed.

BARNEY, P.J., and RAHMEYER, J., concur.