

# In the
# Missouri Court of Appeals
## Western District

KEITH WILLISTON,

            **Appellant,**

v.

**MISSOURI DEPARTMENT OF
HEALTH AND SENIOR SERVICES,**

            **Respondent.**

**WD77987**

**OPINION FILED:**

**May 26, 2015**

---

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Jon Edward Beetem, Judge**

**Before Division One:
James Edward Welsh, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.**

When the Administrative Hearing Commission denied the application of A Mother's Love Birthing Center, LLC, for a birthing center license, A Mother's Love filed a petition for judicial review with the Cole County Circuit Court. After the circuit court issued its judgment upholding the AHC's decision, Keith Williston, a minority member of A Mother's Love, filed a motion to intervene in the case. Fifty eight days after the circuit court entered its judgment in the case, the circuit court issued an order denying Williston's motion to intervene. Williston appeals from the circuit court's denial of his motion to intervene and from the circuit court's judgment affirming

the AHC's decision to deny A Mother's Love's request for a birthing center license. We dismiss Williston's appeal.

On September 23, 2010, A Mother's Love, a limited liability company, filed an application for a birthing center license with the Missouri Department of Health and Senior Services. By letter dated May 24, 2012, the Department notified A Mother's Love that the scope of services being provided by A Mother's Love's facility did not require licensure. The Department informed A Mother's Love that, if it did want to be licensed as a birthing center, it would have to comply with all building enhancements and regulations governing licensure. The Department cited the definition of ambulatory surgical center found in 19 CSR 30-30.010(1)(B)1 as the basis for its determination.

On August 15, 2012, Williston filed a complaint with the AHC seeking licensure of A Mother's Love as a birthing center. On February 27, 2013, pursuant to the parties' joint motion to change the case style, the AHC changed the petitioner in the case from Williston to A Mother's Love.[1] On April 11, 2013, the AHC held a contested case hearing on the complaint, at which A Mother's Love, a limited liability company, was represented by counsel. The AHC issued a decision on November 7, 2013, denying A Mother's Love's application for licensure as a birthing center.

On December 6, 2013, A Mother's Love filed a petition for judicial review with the Cole County Circuit Court. On April 25, 2014, the circuit court held a hearing, at which A Mother's Love, a limited liability company, was represented by counsel. The circuit court issued its

---

[1]On January 4, 2013, the AHC held a hearing where Williston appeared *pro se*. At the hearing, the AHC determined that the entity requesting a license was not Williston but was A Mother's Love, which is a limited liability company. Indeed, "[a] member, manager, employee, or agent of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce such person's right against or duty or liability to the limited liability company." Section 347.069.1, RSMo 2000. Because Williston could not represent the LLC, the AHC continued the hearing.

2

judgment on July 21, 2014, upholding the Commission's decision. No party filed a subsequent motion in the circuit court.

On August 19, 2014, Williston filed a motion to intervene in the case with the circuit court. In his memorandum in support of his motion to intervene, Williston stated that he "was a minority member of [A Mother's Love] when [A Mother's Love] filed Notice of Winding Up with the Missouri Secretary of State on June 16, 2014[.]" Williston acknowledged that, "[b]ecause [A Mother's Love] ha[d] filed Notice of Winding Up, [A Mother's Love was] no longer eligible for license regardless of the eventual disposition of this case." Williston argued, however, that he still retained "an interest in a successful resolution of this matter in his favor because success would entitle [him] to legal fees[.]" On September 17, 2014, fifty eight days after the circuit court issued its judgment upholding the AHC's decision, the circuit court issued an order denying Williston's motion to intervene. On September 29, 2014, Williston filed his notice of appeal, appealing the circuit court's denial of his motion to intervene and the circuit court's judgment affirming the AHC's decision to deny A Mother's Love a birthing center license.

Rule 75.01 limits the circuit court's control over a judgment to 30 days after a judgment is entered. That rule provides: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Further, Rule 81.05(a)(1) provides that "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." In this case, the circuit court rendered its judgment on July 21, 2014. Because the parties did not file any authorized after-trial motions, the circuit court's judgment became final thirty days after its entry, which was

August 20, 2014. Therefore, pursuant to Rule 81.04(a), any appeal of the circuit court's judgment was due not later than 10 days after the judgment became final.[2]

Although Williston filed his motion to intervene on August 19, 2014, which would have been within the 30 days that the circuit court retained control over its judgment after its entry, the circuit court did not issue its order denying the motion to intervene until September 17, 2014. Moreover, "[p]ursuant to Rule 81.05(a)(2), 'the timely filing of either a motion for a new trial or an "authorized after-trial motion" extends a trial court's jurisdiction for up to ninety days after the filing of the motion,'" but "only *a party* may trigger the extension of the trial court's jurisdiction permitted under Rule 81.05(a)(2). *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 470 (Mo. banc 2011) (emphasis added). Williston was not a party to this case, and the motion to intervene was not an authorized after-trial motion.

The circuit court, therefore, was clearly without jurisdiction to issue any ruling upon Williston's motion to intervene because the thirty days within which the circuit court retained control over its judgment had expired. "After the expiration of the 30 days provided by Rule 75.01, the trial court is divested of jurisdiction,[3] unless *a party* timely files an authorized after-trial motion." *Id*. at 468-69 (emphasis in the original). "Following divestiture [of the circuit court's jurisdiction], any attempt by the trial court to continue to exhibit authority over the case . . . is void." *Id*. at 469. "Since the judgment was final and the [circuit court] no longer had jurisdiction, the [circuit court] no longer had the power to grant the . . . motion to intervene."

---

[2]In this case, the 10th date after the judgment became final would have been Saturday, August 30th. Monday, September 1st was the Labor Day holiday. Thus, pursuant to Rule 44.01(a), an appeal of the circuit court's judgment would have been due Tuesday, September 2nd.

[3]The *Spicer* court, noted that "[t]he Court's decision on subject matter jurisdiction in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), does not affect the use of the term 'jurisdiction' in this case, which concerns whether jurisdiction is vested in the circuit court or the appellate court after the timely filing of an appeal or the expiration of the time for appeal." *Id*. at 469 n.5.

*State ex rel. Abdullah v. Roldan*, 207 S.W.3d 642, 647 n.6 (Mo. App. 2006); *see also Pius v. Boyd*, 857 S.W.2d 238, 242 (Mo. App. 1993) ("[O]nce judgment is final, the trial court loses jurisdiction and an application for intervention is precluded because no pending action exists into which the applicant could intervene).

The judgment in this case was entered on July 21, 2014, and the circuit court lost jurisdiction over the case 30 days after its entry. The circuit court, therefore, had no jurisdiction to rule upon Williston's motion to intervene, and any ruling on the motion to intervene is void. Williston cannot appeal from the circuit court's void order. Moreover, no one timely appealed from the circuit court's final judgment in this case. Any appeal of the circuit court's judgment would have been due by September 2, 2014. "'Timely filing of a notice of appeal is jurisdictional.'" *Spicer*, 336 S.W.3d at 471 (citation omitted). "'If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal.'" *Id*. (citation omitted).

We, therefore dismiss Williston's appeal.[4]

/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge

All concur.

---

[4]We acknowledge that the Department also filed a "Second Motion to Dismiss" this case because it contends that the circuit court's denial of Williston's motion to intervene is not a final and appealable judgment. As noted above, we dismiss Williston's appeal because the circuit court had no jurisdiction to rule upon Williston's motion to intervene and because no one filed a timely notice of appeal from the circuit court's final judgment in this case. Therefore, it is unnecessary for us to address the Department's additional arguments for dismissal raised in its "Second Motion to Dismiss."