

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| IN THE INTEREST OF: | ) | |
| E.R.S., | ) | |
| A child under seventeen years of age, | ) | |
| | ) | |
| D.R., | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| v. | ) | No. SD35984 |
| | ) | Filed: August 30, 2019 |
| T.J.B. and T.M.B., | ) | |
| | ) | |
| Respondents-Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable D. Andrew Hosmer, Associate Circuit Judge

**APPEAL DISMISSED**

D.R. (Appellant) filed a motion to set aside the adoption of E.R.S. (Child) by T.J.B. and T.M.B. (Adoptive Parents). The Judgment for Decree of Adoption (Adoption Judgment), to which Appellant was not a party, was entered six months earlier by the juvenile division of the circuit court of Greene County, Missouri. In response to Appellant's motion to set aside, Adoptive Parents filed a motion to strike Appellant's motion. The motion to strike asserted, *inter alia*, that because Appellant was not a party to the underlying adoption action, the trial court had no authority to grant relief on Appellant's motion to set

aside the Adoption Judgment. *See* Rule 74.06.[1] The trial court agreed and struck Appellant's motion to set aside, and Appellant appealed. Because the trial court lacked authority to grant relief, this Court similarly lacks jusrisdiction to review the appeal on the merits. We therefore must dismiss this appeal for lack of appellate jurisdiction.

## Factual and Procedural Background

In early August 2017, T.S. (Mother), then 20 years old, gave birth to Child. While in the hospital, Mother decided to put Child up for adoption. Mother chose Adoptive Parents for the adoption and provided Lutheran Family and Children's Services (LFCS) with the authority to take custody of Child and move the adoption process forward.

Mother was represented by counsel as part of the adoption process. Mother executed, *inter alia*, an Affidavit of Birth Mother, stating in relevant part:

> I placed no man's name on [Child's] birth certificate. As provided under RSMo § 453.030.8(1), I decline to name [Child's] birth father ("Birth Father") and exercise my right to privacy in not naming the birth father. Missouri law gives me the right not to name the birth father and I choose to exercise this right. …

> I do … have reason to fear the birth father.

On September 1, 2017, a hearing was held to approve the transfer of custody of Child to Adoptive Parents. Evidence was adduced that no man had filed with the putative father registry or filed a paternity action within 15 days of Child's birth. At the conclusion of the hearing, the court entered: (1) a Judgment Resolving Parental Rights determining that the consent of Child's father was not necessary for the adoption to move forward; (2) an order acknowledging Mother's consent to the termination of her parental rights and to the

---

[1] All rule references are to Missouri Court Rules (2019). All statutory references are to RSMo (2016).

2

adoption; and (3) an order formally transferring custody to Adoptive Parents. The court set the final adoption hearing for March 16, 2018.

Around February 17, 2018, Mother visited Appellant. He discovered photos of Child on Mother's phone. Mother told Appellant that she believed that he was the father of Child and that Child had been placed for adoption. Three days later, Mother informed Adoptive Parents that she had an encounter with the person she believed to be Child's father. Mother did not identify him by name. Around that same time, Appellant retained counsel.

On February 26, 2018, Appellant's counsel called Mother's counsel. While withholding Appellant's identity, Appellant's counsel claimed he had knowledge of a potential father of Child and that he had not been served in the adoption case. Mother's counsel informed him that service is not required upon a man who has not asserted his paternity. Mother's counsel offered, however, to arrange for DNA testing and consideration by the Adoptive Parents for post-adoption contact, in exchange for consent to the adoption on the part of the unidentified man. Appellant's counsel knew: (1) the names of Adoptive Parents; (2) the adoption was placed through LFCS; and (3) the adoption case was filed in Greene County. Mother's counsel confirmed that Greene County was where the case was pending, but she did not provide the case number. Mother's Counsel was aware that Mother stated early on in her Affidavit that she had reason to fear Child's father. Although Mother's counsel had additional communication with Appellant's counsel on March 1 and 2, 2018, no agreement was reached and the name of the potential father was still unknown. Appellant did not file with the putative father registry or file a paternity action at that time.

On March 16, 2018, the final adoption hearing was held as scheduled. Counsel for Adoptive Parents informed the trial court that Mother's counsel had been contacted by Appellant's counsel. The identity and whereabouts of Child's father were still unknown to

3

everyone except Mother, who chose not to identify him.  Ultimately, the trial court found that the adoption case had been handled appropriately and that the unidentified, potential father had been provided ample opportunity to come forward.  Finalization of the adoption was approved.

On March 19, 2018, the trial court entered the Adoption Judgment.  The court reiterated its finding the previous September "that the consent of any man who could be [Child's] father is not required to proceed with this adoption" pursuant to § 453.030.3(2)(a), (b) and (c); § 192.016; § 453.040(3).[2]  No after-trial motions were filed, and no appeal from this judgment was taken.

---

[2]  Section 453.030.3 requires written consent from any of three categories of fathers, or putative fathers:

(2) Only the man who:

(a) Is presumed to be the father pursuant to ... section 210.822 [where, in general, the father and the mother were married to each other at the time the child was born, or attempted to marry before the child's birth "although the marriage is or may be declared invalid," or married or attempted to marry after the child's birth]; or

(b) Has filed an action to establish his paternity ... no later than fifteen days after the birth of the child and has served a copy of the petition on the mother ... or

(c) Filed with the putative father registry ... within fifteen days after the child's birth, and has filed an action to establish his paternity ... no later than fifteen days after the birth of the child[.]

§ 453.030.3(2)(a)-(c); *In re Adoption of N.L.B. v. Lentz*, 212 S.W.3d 123, 126-27 (Mo. banc 2007); *see also* § 192.016 (putative father registry); § 453.040(3) ("consent to the adoption of a child is not required of … parent whose identity is unknown and cannot be ascertained at the time of the filing of the petition").  When putative fathers do not file to establish paternity or with the putative father registry, adoption statutes "will operate to facilitate and expedite the adoptions by obviating the need to formally terminate their parental rights under section 453.040(1) or (8) or to otherwise prove up their status under the other subsections of section 453.040 as a parent from whom consent to the adoption is not required." *N.L.B.*, 212 S.W.3d at 127-28.

4

Later in March, after entry of the Adoption Judgment, Appellant filed a paternity action in Polk County. Appellant's counsel subsequently withdrew from the paternity case. Appellant did not pursue the case as a self-represented litigant, and the case was later dismissed. Appellant's paternity was never established.

On September 5, 2018, Appellant filed the underlying motion to set aside the Adoption Judgment. Appellant alleged that Mother had lied to the court throughout the adoption proceedings, and had misled Appellant about her pregnancy and Appellant's possible paternity of Child. Appellant sought to be added as a party to the adoption case and have the prior judgment set aside.

In October 2018, Adoptive Parents filed their motion to strike Appellant's motion. They asserted that, as a non-party, Appellant could not obtain relief on his motion to set aside the judgment. Alternatively, Adoptive Parents argued that, even assuming Appellant's allegations were true, he failed to either file with the putative father registry or bring a paternity action before the final adoption hearing on March 16th.

In December 2018, the trial court held a hearing on the matter. Those testifying included Appellant, Mother, Adoptive Parents and their respective counsels. At the close of the hearing, the court announced several findings, including that: (1) there was no evidence at all the Appellant is actually Child's biological father; and (2) there is a threshold issue of whether the court even had authority to entertain Appellant's motion.[3] Following further briefing by the parties, the court entered an order granting Adoptive Parents' motion to strike Appellant's motion to set aside. This appeal followed.

---

[3] The court explained that "the statutes want these courts to do adoptions in a timely manner, and they want them to be permanent. Because they do not want what is being asked now to occur very frequently, which is for a court to approve an adoption and then have to pull a child from a home. I think that's the reason the statutes are written the way they are."

**Discussion and Decision**

Appellant's single point contends the trial court erred in granting Adoptive Parents' motion to strike "because such action erroneously applied the law in that Appellant's inability to timely seek leave to intervene was caused by [Adoptive Parents'] counsel's refusal to provide pertinent case information upon request of Appellant's counsel resulting in manifest injustice."

Before reaching the merits of this point, however, "[t]his Court has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it." *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017); *see Spicer v. Donald N. Spicer Revocable Living Tr.*, 336 S.W.3d 466, 468 (Mo. banc 2011) (in all appeals, "this Court is required to examine its jurisdiction"). If we lack jurisdiction, we must dismiss the appeal. *Williston v. Missouri Dep't of Health & Senior Servs.*, 461 S.W.3d 867, 870 (Mo. App. 2015); *State ex rel. Stude v. Jackson*, 213 S.W.3d 208, 209-10 (Mo. App. 2007).[4] Our jurisdiction depends on whether the trial court had authority to grant Appellant's motion to set aside the Adoption Judgment. *See Williston*, 461 S.W.3d at 870; *Brock v. Blackwood*, 143 S.W.3d 47, 55 (Mo. App. 2004). If the trial court lacked authority to grant that relief, then this Court lacks jurisdiction to review that ruling on the merits. *Brock*, 143 S.W.3d at 55; *see Williston*, 461 S.W.3d at

---

[4] Our Supreme Court in *Spicer* noted that "[t]he Court's decision on subject matter jurisdiction in *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), does not affect the use of the term 'jurisdiction' in this case, which concerns whether jurisdiction is vested in the circuit court or the appellate court after the timely filing of an appeal or the expiration of the time for appeal." *Spicer*, 336 S.W.3d at 469 n.5; *Williston*, 461 S.W.3d at 870 n.3; *see, e.g.*, *State ex rel. AJKJ, Inc. v. Hellmann*, 574 S.W.3d 239, 243-44 (Mo. banc 2019) ("court lacked jurisdiction to take any further action" 30 days after entering judgment).

870. Adoptive Parents argue that the trial court did not have authority to grant Appellant's motion to set aside because he was not a party to the adoption proceedings. We agree.

"In order to be a party, a person must either be named as a party in the original pleadings, or be later added as a party by appropriate trial court orders." **State ex rel. Morris v. McDonald**, 817 S.W.2d 923, 926-27 (Mo. App. 1991) (quotations marks and citations omitted). Here, Appellant was never a party to the underlying adoption action. Because Appellant was not a party to that action, the Adoption Judgment "is not binding upon him, and he has no standing to challenge it." **In re R.R.R.**, 236 S.W.3d 103, 105 (Mo. App. 2007); *see* **McDonald**, 817 S.W.2d at 926.

The Adoption Judgment here was entered on March 19, 2018, and with no after-trial motions timely filed, became final 30 days later. Rule 81.05(a)(1); **State ex rel. AJKJ, Inc. v. Hellmann**, 574 S.W.3d 239, 242-43 (Mo. banc 2019). Once that judgment became final, the trial court's authority and control over it expired. Rule 75.01; **AJKJ, Inc.**, 574 S.W.3d at 242-43; **Williston**, 461 S.W.3d at 869. Thereafter, the trial court had "no power to modify or vacate it, except upon a proper direct attack." **Ratermann v. Ratermann**, 485 S.W.2d 80, 84 (Mo. 1972). "Unless applicable Supreme Court rules for relief from a judgment are utilized to mount such a direct attack, a trial court is without authority to entertain proceedings affecting the judgment after that judgment becomes final." **R.R.R.**, 236 S.W.3d at 105-06.

Rule 74.06(b) grants the trial court authority, "[o]n motion and upon such terms as are just, [to] relieve *a party or its legal representative* from a final judgment or order" after it has become final. **Id**. (emphasis added); **Henry v. Piatchek**, --- S.W.3d ----, 2019 WL 3790035, at *3 (Mo. banc Aug. 13, 2019). Appellant, however, could not invoke the authority granted the trial court by this rule because he was not a party to the adoption action.

7

*See id.*; ***AJKJ, Inc.***, 574 S.W.3d at 242; ***R.R.R.***, 236 S.W.3d at 105-06. Similarly, Appellant's motion to set aside might be construed as an independent action in equity to vacate the judgment under Rule 74.06(d), but we need not consider whether it should be construed in that manner, because Rule 74.06(d) likewise limits such relief to "a party." Rule 74.06(d). In the absence of an applicable Supreme Court rule, the trial court did not have authority to entertain Appellant's motion to set aside. ***R.R.R.***, 236 S.W.3d at 105-06; Rule 74.06(b) and (d).

Appellant acknowledges that he is not a party to the action and asserts that he should nonetheless be allowed to intervene as a party to this action, relying on ***In re Adoption of N.L.B. v. Lentz***, 212 S.W.3d 123 (Mo. banc 2007). Appellant's reliance on that case, however, is misplaced. In ***N.L.B.***, the trial court terminated the father's parental rights and approved an adoption of the child there because father failed "to file an action for paternity or file with the putative father registry within 15 days of the child's birth, which would obviate the need for his consent to the adoption under section 453.030.3." ***N.L.B.***, 212 S.W.3d at 125. Our Supreme Court reversed, explaining that the father had "timely intervened":

> Here, father timely intervened in the adoption proceeding. He had standing to do so by virtue of the fact that he and the mother had signed an "acknowledgment of paternity" form pursuant to section 193.215 which, under section 210.823, "shall be considered a legal finding of paternity...." In fact, his paternity was essentially uncontested because the adoptive parents affirmatively alleged in their second amended petition that father is indeed the natural father.

***N.L.B.***, 212 S.W.3d at 128. That is not what happened here.

At the time of the March 16, 2018 hearing: (1) Appellant's identity was unknown; (2) he did not fall within any of the three categories of fathers or putative fathers pursuant to § 453.030.3(2) as a presumed father under (a), or by timely filing a paternity action under

8

(b), or by timely filing with the putative father registry under (c); and (3) he did not sign an "acknowledgment of paternity" or otherwise timely intervene as described in *N.L.B.*, 212 S.W.3d at 128.  As a result, Appellant forfeited any right to withhold consent to the adoption, so his consent to the adoption was not required.  *See N.L.B.*, 212 S.W.3d at 126-27.  Although Appellant reportedly filed a paternity action in Polk County within the 30 days after the March 19, 2018 Adoption Judgment was entered in Greene County, the paternity action was not pursued and was later dismissed. Appellant never established his paternity.  The Adoption Judgment became final on April 18, 2018, and the trial court's authority and control over it expired that day.  Rule 81.05(a)(1); Rule 75.01; *AJKJ, Inc.*, 574 S.W.3d at 243; *Williston*, 461 S.W.3d at 869.  Appellant's motion to set aside – filed in September 2018 – was filed well after the Adoption Judgment became final.

Because the trial court lacked authority to grant relief on Appellant's motion to set aside the Adoption Judgment in the first instance, the trial court properly struck Appellant's motion to set aside that judgment.  *R.R.R.*, 236 S.W.3d at 105-06; *see also AJKJ, Inc.*, 574 S.W.3d at 243 (trial court lacked jurisdiction to grant non-parties' motion to intervene after judgment became final; court's ruling on the motion was void).  This Court also lacks jurisdiction to review, on the merits, Appellant's challenge to the striking of his motion.  *R.R.R.*, 236 S.W.3d at 105-06; *see Williston*, 461 S.W.3d at 870.  This appeal is dismissed.


JEFFREY W. BATES, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

9