**William D. WILD, Appellant,**

v.

**TRANS WORLD AIRLINES, INC., Respondent.**

**No. WD 57201.**

Missouri Court of Appeals, Western District.

Feb. 1, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 29, 2000.

Application for Transfer Denied April 25, 2000.

Jerold Kenter, Kansas City, for appellant.

James Waldon, St. Louis, for respondent.

PAUL M. SPINDEN, Presiding Judge.

William D. Wild sued Trans World Airlines, Inc., alleging that TWA's attorney fraudulently concealed information and was liable to him for malpractice because the attorney did not advise him about the statute of limitations for a workers' compensation claim. The circuit court dismissed Wild's petition for failure to state a claim upon which relief could be granted, and Wild appeals. We affirm the circuit court's judgment.

When we review a circuit court's granting of a motion to dismiss, we construe the plaintiff's pleadings liberally in the plaintiff's favor—giving them the broadest interpretation within reason. *Ritterbusch v. Holt*, 789 S.W.2d 491, 492 (Mo. banc 1990).

On January 25, 1990, Wild was injured on the job at TWA. TWA paid for medical treatment of his injuries and made its last payment on January 21, 1992. Pursuant to § 287.430, RSMo 1986, the deadline for Wild's filing a claim for workers' compensation was January 20, 1994, two years after TWA's last payment.

In his petition, Wild alleges that TWA, through its staff attorney, Glenda Cantrell, fraudulently concealed this two-year deadline from him. He points to a letter that Cantrell sent to him on December 23, 1993, in which Cantrell offered a settlement. The letter did not mention the deadline. Wild asserts that Cantrell deliberately did not mention the deadline to lull him into missing it. He claims that, because of Cantrell's fraudulent concealment, he did not seek counsel and did not claim workers' compensation until after the deadline.

An administrative law judge for the Division of Workers' Compensation dismissed Wild's claim because it was filed after the two-year deadline. Wild alleges that he would have been entitled to $25,000 in permanent partial disability benefits, additional temporary total disability benefits, and medical benefits under the Workers' Compensation Act. He also alleges that TWA was completely indifferent to, and consciously disregarded, his rights; therefore, he asserts, he should be entitled to $100,000 in punitive damages.

"[S]ilence or nondisclosure of a material fact, when used as an inducement to another, can be an act of fraud[,]" but only when an individual has a duty to speak. *Andes v. Albano*, 853 S.W.2d 936, 943 (Mo. banc 1993). A relation of trust

and confidence can create a duty to speak, and so can one party's having knowledge or information that the other party does not have and cannot be expected fairly and reasonably to obtain. *Id.* The Supreme Court has instructed, however, that even when a party has superior knowledge:

> "A party to a law suit is not bound to disclose to his adversary facts which tend to defeat or weaken his own right of recovery and he commits no fraud by remaining silent. So, too, one who is trying to settle litigation, has the right to keep his opinion upon the merits to himself, and is not guilty of fraud in so doing, for in such case the parties are dealing with each other at arm's length and are adversaries."

*Id.* (quoting *Thompson v. Kansas City, Clay County and St. Joseph Railway Company*, 224 Mo.App. 415, 27 S.W.2d 58, 60 (1930)). The court held that this rationale also applies to third-party beneficiary claims.

■ Cantrell represented TWA and owed a fiduciary duty to TWA, not to Wild. Although Cantrell may have known of the deadline, she did not have a duty to disclose this information to Wild. Workers' compensation proceedings are adversarial. *See Stegeman v. St. Francis Xavier Parish*, 611 S.W.2d 204, 209 (Mo. banc 1981). Wild was TWA's adversary.

■ Wild also averred that TWA was liable for malpractice because TWA intended for the services rendered by Cantrell to benefit workers' compensation claimants. He averred that TWA owed a duty to him through Cantrell to advise him of the deadline, that the harm was foreseeable, that he was injured, and that he suffered damages amounting to $25,000. He asserted that Cantrell's not informing him of the deadline and the injury he sustained by losing the right to assert his workers' compensation claim established a close connection between the duty of Can-

trell to advise him and Cantrell's failure to do so. Wild also asserted that, to prevent harm to future workers' compensation claimants, TWA should have adopted a policy of directing its attorneys to advise claimants of the deadline.

The Supreme Court has recognized that, in very limited circumstances, a person who is not an attorney's client may have a cause of action for malpractice against the attorney arising out of the attorney's representing his client. *Donahue v. Shughart, Thomson and Kilroy, P. C.*, 900 S.W.2d 624 (Mo. banc 1995).[1] Wild's case is not such a circumstance.

■ The *Donahue* court explicitly held that the limited circumstances in which a lawyer will be liable for malpractice to someone who is not his client do not extend to adversarial proceedings. The court instructed:

> The ultimate factual issue that must be pleaded and proved is that an attorney-client relationship existed in which the client specifically intended to benefit the plaintiff.... A benefit that is merely incidental or indirect will not satisfy this factor. Neither will a benefit to one in an adversarial relationship to the client be sufficient to satisfy the factor. Within the bounds of the law, the attorney's duty is solely to advance the client's interest.

*Id.* at 628. We gather from this that the exception noted in *Donahue* never applies in adversarial proceedings. Cantrell was TWA's attorney, and Wild's claim was adversarial. This, according to *Donahue*, is the end of the matter.

Nonetheless, Wild did not plead facts establishing that Cantrell's services were specifically intended by TWA to benefit him. Just because Cantrell made a settlement offer on TWA's behalf did not establish that TWA intended for Cantrell's ser-

---

**1.** In Donahue, the court considered whether intended beneficiaries of a trust have standing to sue the settlor's attorney for malpractice because the attorney did not effectuate his client's wishes for transfer of property.

vices to benefit Wild. By notifying Wild of TWA's settlement offer, Cantrell was protecting TWA's interests of avoiding litigation and exposure to potentially more costly claims. TWA did not owe a duty to Wild to inform him of the deadline.

We, therefore, affirm the circuit court's judgment dismissing Wild's petition for failure to state a claim upon which relief could be granted

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.