Emma FRANCE, Guy Sesler, and Treba Benson, Plaintiffs–Appellants,

v.

John PODLESKI, Crandall & Podleski, P.C., Gayle Crane and Sotta & Crane, P.C., Defendants–Respondents.

No. SD 29734.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 22, 2010.

R. Lynn Myers, Springfield, for Appellants.

Michael J. Patton, George W. "Jake" Reinbold, IV, Springfield, for Respondents Podleski and Crandall & Podleski, P.C.

Ron Mitchell, Tyler Strodtman, Joplin, for Respondents Gayle Crane and Sotta & Crane, P.C.

NANCY STEFFEN RAHMEYER, Judge.

Emma France, Guy Sesler, and Treba Benson (collectively, "Appellants") filed a suit for damages against Gayle Crane and Sotta & Crane, P.C. ("Crane"), and John Podleski and Crandall & Podleski, P.C. ("Podleski"), (collectively, "Respondents") alleging that contracts between Respondents and the Jasper County Public Administrator were unlawful under sections 50.660 and 432.070,[1] and that Respondents breached the duty owed to Appellants to zealously represent them and prevent them undue financial loss. Crane's motion to dismiss, which was joined by Podleski, was granted on the grounds that sections 50.660 and 432.070 were inapplicable to the case and that Respondents owed no duty to Appellants. This appeal followed. We affirm.

Rita Hunter ("the Public Administrator") was elected as the Public Administrator of Jasper County, Missouri, in 2004. Crane provided legal services by representing the Public Administrator in her role as Guardian and/or Conservator before the Jasper County Probate Court. When Gayle Crane became a circuit court judge, Crane ceased providing legal services, and Podleski began representing the Public Administrator. Neither Crane nor Podleski had a written contract with the Public Administrator. The Public Administrator was appointed as Guardian and/or Conservator for the estates of each of the plaintiffs in this suit, and either Crane or Podleski represented the Public Administrator in the probate court on their behalf. While performing legal services for the Public Administrator, Respondents' fees were paid from the estates of Appellants. Appellant Emma France previously filed suits against Respondents in federal court and later in the circuit court of Jasper County, both of which were dismissed with prejudice. Appellants brought the instant suit against Respondents alleging that their contracts were required to be in writing and that Respondents breached the duty of care owed to Appellants. The trial court dismissed the suit for failure to state a claim upon which relief can be granted, leading to this appeal.

■ We review the dismissal of a case for failure to state a claim upon which relief can be granted solely for the adequacy of the plaintiffs' petition. *State ex rel. Henley v. Bickel,* 285 S.W.3d 327, 329 (Mo. banc 2009). In doing so, we assume that all averments are true and liberally grant the plaintiffs all reasonable inferences

---

**1.** All statutory references are to RSMo Cum. Supp.2007, unless otherwise indicated.

drawn therefrom. *Id.* We do not weigh the credibility or persuasiveness of any facts alleged, but instead review the petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action, or an action that might be adopted in the case. *Id.* In order to withstand a motion to dismiss, the petition must raise substantive principles of law that entitle the plaintiff to relief and facts that will inform the defendant of what the plaintiff intends to prove at trial. *Id.* at 329–30. The dismissal will be affirmed if it is supported by any ground, regardless of whether the trial court relied on that ground. *City of Ellisville v. Lohman,* 972 S.W.2d 527, 530 (Mo. App. E.D.1998).

In their first point relied on, Appellants allege that the trial court erred in sustaining Respondents' motion to dismiss because section 432.070 requires that the contract between Respondents and the Public Administrator be in writing, and that Appellants' claim that Respondents were not entitled to be paid for work performed under an oral contract was therefore valid.[2] Respondents counter that section 432.070 does not apply because Respondents did not contract with the county, were not paid with county funds, and performed all services for the Public Administrator. We agree.

■ Section 432.070 states:

No county, city, town, village, school township, school district or other munici-

pal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

Section 432.070. The purpose of the statute is to guard against an official obligating a municipality to pay for or perform unauthorized actions. *Investors Title Co., Inc. v. Hammonds,* 217 S.W.3d 288, 294 (Mo. banc 2007). The case at hand does not present such a situation.

■ While the Public Administrator is an officer of the county under section 473.730, she did not obligate the county to pay for unauthorized actions because section 475.085.1 dictates that Respondents be paid out of Appellants' estates. Furthermore, section 475.265 specifically covers the payment of attorney fees in probate cases. It does not require a written contract for the legal services it authorizes, but merely requires that the fees be reasonable and that they be approved by the probate court. Given that section 475.265 authorizes the payment of attorney fees and sets forth the method by which the fees are fixed, and that the Public Admin-

---

**2.** Section 472.160 dictates that any interested party appeal to the appropriate court from an order or judgment of the probate division of the circuit court allowing any claim against the estate exceeding $100, any settlements of the personal representative, any apportionments among creditors, any allowances for the expenses of administration, and "[i]n all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate." Section

472.160.1. Here, Appellants' petition essentially challenges the orders or judgments of the probate division regarding the payment of attorney fees. Appellants chose to pursue those claims by filing an independent suit, but the proper avenue to make such claims is a direct appeal from those judgments. *Coons v. Stokes,* 514 S.W.2d 33, 36 (Mo.App.K.C.D. 1974). This represents an alternative ground for upholding the trial court's dismissal of the case.

istrator did not obligate the county to pay for any action, we will not read section 432.070 so broadly as to circumvent sections 475.085.1 and 475.265 and require that the contracts between the Public Administrator and Respondents be in writing. Point I is denied.

In their second point, Appellants state a similar argument based on section 50.660. Respondents argue that section 50.660 is inapplicable because Respondents' fees for services performed on behalf of the Public Administrator were never financial obligations of the county. We agree.

Section 50.660 states in pertinent part:

All contracts shall be executed in the name of the county ... by the head of the department or officer concerned, except contracts for the purchase of supplies, materials, equipment or services other than personal made by the officer in charge of purchasing in any county or township having the officer. No contract or order imposing any financial obligation on the county or township is binding on the county or township unless it is in writing[.]

Section 50.660.1. As stated with regard to section 432.070, the contracts between the Public Administrator and Respondents did not impose any financial obligation on the county because the attorney fees were to be paid out of Appellants' estates under section 475.085.1. In addition, section 50.660 has been held inapplicable to situations where a county obtains professional, non-competitive services. *See Hellman v. St. Louis County,* 302 S.W.2d 911, 917–19 (Mo.1957) (holding that section 50.660 did not apply to the county's contracts with appraisal companies). Accordingly, section 50.660 is inapplicable to the contracts made between the Public Administrator and Respondents for legal services in the probate court. Point II is denied.

In their third and final point, Appellants argue that the trial court erred in dismissing their claim because the Public Administrator was a fiduciary to Appellants, and that therefore Respondents owed the same duty to her wards, making their malpractice claim valid. Respondents claim that no attorney-client relationship existed between Respondents and Appellants, and that Respondents therefore owed no duty to Appellants. Again, we agree.

In order to state a claim for legal malpractice, plaintiffs must allege facts that support: 1) the existence of an attorney-client relationship; 2) negligence or breach of contract by the attorney; 3) proximate causation of damages to the plaintiffs; and 4) damages to the plaintiffs. *Donahue v. Shughart, Thomson & Kilroy, P.C.,* 900 S.W.2d 624, 626 (Mo. banc 1995). The first element of an attorney-client relationship may be satisfied by facts demonstrating that either an attorney-client relationship existed or an attorney performed services specifically intended by the client to benefit the plaintiffs. *Id.* at 628–29. The mere payment of fees does not establish an attorney-client relationship. *Fox v. White,* 215 S.W.3d 257, 261 (Mo.App. W.D. 2007). The question of the legal duty owed by an attorney to non-clients is determined by weighing six factors: 1) the existence of a client's specific intent that the purpose of the attorney's services be to benefit the non-client plaintiffs; 2) the foreseeability of harm to the plaintiffs as a result of the attorney's negligence; 3) the degree of certainty that the plaintiffs will suffer injury from the attorney's misconduct; 4) the closeness of the connection between the injury and the attorney's conduct; 5) the policy of preventing future harm; and 6) the burden on the profession of recognizing liability in those circumstances. *Donahue,* 900 S.W.2d at 629.

 Here, Appellants' petition does not allege that an attorney-client relationship existed between Appellants and Respondents, but instead advances the argument that Respondents owed them a duty by claiming that Respondents entered into a joint venture when they agreed to represent the Public Administrator. While it is true that the Public Administrator was a fiduciary to Appellants, we decline to hold that the fiduciary relationship between the Public Administrator and Appellants extended to Respondents on these facts. Appellants fail to cite any case law stating that Respondents' representation of the Public Administrator created a legal duty of Respondents to represent Appellants, and to demonstrate that the Public Administrator had the specific intent that Respondents' purpose in representing the Public Administrator be to benefit Appellants, as opposed to representing the Public Administrator before the probate court. In addition, were we to hold that Respondents owed a duty to Appellants in this case, we would place other attorneys representing a public administrator in a rather precarious position. Essentially, a public administrator would be appointed as guardian or conservator of someone deemed incompetent by the probate court, and a public administrator's attorney would then be forced to argue on behalf of the ward that the ward was competent and that the appointment of a public administrator as guardian or conservator was unnecessary. We decline to issue a holding that would create such a conflict. Finding that Appellants have not met their burden of alleging facts to support the first element of their malpractice claim, we need not consider the others. Point III is denied.

Neither section 432.070 nor section 50.660 requires the contracts between the Public Administrator and Respondents be in writing. Respondents, as the attorneys for the Public Administrator, owed no duty to Appellants. As such, the facts alleged do not meet the elements of a recognized cause of action, and we are unwilling to adopt a cause of action to fit Appellants' allegations.

The judgment is affirmed.

LYNCH, P.J., QUITNO, Sp.J., concur.