**Kenneth HALL and Rhonda Kelso, Plaintiffs–Appellants,**

v.

**John PODLESKI and Crandall & Podleski, P.C., and Gayle Crane And Sotta & Crane, P.C., Defendants–Respondents.**

**No. SD 30950.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 30, 2011.

R. Lynn Myers, Springfield, MO, for Appellant.

Ron Mitchell, Joplin, MO, for Respondents, Gayle Crane and Sotta & Crane, P.C.

Michael J. Patton and George W. (Jake) Reinbold, IV, Springfield, MO, for Respondents, John Podleski and Crandall & Podleski.

DON E. BURRELL, Presiding Judge.

Kenneth Hall and Rhonda Kelso ("Plaintiffs") appeal the judgment dismissing their class action damages petition against John Podleski, the law firm of Crandall & Podleski, P.C., Gayle Crane, and the law firm of Sotta & Crane, P.C., (collectively, "Defendants"). Plaintiffs' petition, filed in the probate division of the circuit court, alleged that Defendants "were the attorneys for Rita Hunter[,] Public Administrator [ ("PA"),] who has been appointed [Plaintiffs'] Guardian and/or Conservator by the [c]ourt."

Count I of Plaintiffs' petition asserts that court orders approving payment of Defendants' fees from Plaintiffs' underlying probate estates were void *ab initio* because they were entered without a hearing and Defendants failed to give notice of their claims either to Plaintiffs' appointed guardians *ad litem* or to "other people interested in the estate of the wards, including but not limited to spouses, children, heirs, other guardians or conservators, who pursuant to Missouri law were entitled to notice of any actions taken in the estate." Count II of Plaintiffs' petition alleged that PA specifically intended Defendants' services to benefit Plaintiffs and that Defendants' failure to object to the payment of their fees out of the wards' estates constituted legal malpractice.[1]

In support of Count I, Plaintiffs argue that Rule 74.06(b)[2] permits the court to "relieve a person from a judgment or order that is void[.]" They further claim that a prior hearing and notice to other interested parties is mandated by section 475.205 because the payment of Defendants' fees constitutes a claim against the estate.[3] Defendants respond that the judgments were not void, "Rule 74.06 does

---

1. Section 475.265 addresses the payment of attorney fees incurred on behalf of a public administrator as compensation to the public administrator from the ward's estate as follows:

     A guardian or conservator shall be allowed such compensation for his services as guardian or conservator, as the court shall deem just and reasonable. Additional compensation may be allowed for his necessary services as attorney and for other necessary services not required of a guardian or conservator. Compensation may also be allowed for necessary expenses in the administration of his trust, including reasonable attorney fees if the employment of an attorney for the particular purpose is necessary. In all cases, compensation of the guardian or conservator and his expenses including attorney fees shall be fixed by the court and may be allowed at any annual or final accounting; but at any time before final settlement the guardian or conservator or his attorney may apply to the court for an allowance upon the compensation or necessary expenses of the guardian or conservator and for attorney fees for services already performed. If the court finds that the guardian or conservator has failed to discharge his duties as such in any respect, it may deny him any compensation whatsoever or may reduce the compensation which would otherwise be allowed. The court may consider ties of blood, marriage or adoption, in making allowances of compensation to guardians and conservators.

     Unless otherwise indicated, all statutory references are to RSMo 2000.

2. Unless otherwise indicated, all rule references are to Missouri Court Rules (2011).

3. Section 475.205 provides:

     All claims against the estate of a protectee, whether they constitute liabilities of the protectee which arose before or after the conservatorship, or liabilities incurred by the conservator for the benefit of the protectee or his estate, may be filed in the probate division of the circuit court. After hearing, the probate division of the circuit court may allow a claim so filed, in whole or in part, or disallow it. An order allowing a claim has the effect of a judgment and bears interest at the legal rate, unless the claim provides for a different rate, in which case the judgment shall be rendered accordingly.

not apply to probate proceedings, and [such a motion] may not be used as an alternative to a timely appeal."

■ Because Plaintiffs (who have the burden of demonstrating error on appeal) failed to allege facts satisfying the elements of a cognizable claim under Count I, and because plaintiffs failed to allege facts demonstrating the existence of an attorney-client relationship between themselves and Defendants under Count II, we affirm the trial court's judgment dismissing Plaintiffs' petition.[4]

### Principles of Review

■ "We review the dismissal of a case for failure to state a claim upon which relief can be granted solely for the adequacy of the plaintiff's petition." *France v. Podleski*, 303 S.W.3d 615, 617 (Mo.App. S.D.2010). In so doing, "we construe the plaintiff's pleadings liberally in the plaintiff's favor—giving them the broadest interpretation within reason." *Wild v. Trans World Airlines, Inc.*, 14 S.W.3d 166, 167 (Mo.App. W.D.2000). The question is whether, when viewed in this light, "the averments invoke substantive principles of law which entitled the plaintiff to relief." *In re Estate of Dean v. Morris*, 963 S.W.2d 461, 464 (Mo.App. W.D.1998). "If the motion to dismiss can be sustained on any meritorious grounds, the ruling of the trial court will be affirmed." *Id.*

### Analysis

#### Plaintiffs' Petition

The following are the averments of Plaintiffs' petition. Prior to the institution of the instant case, a judge of the probate division of the circuit court ("the probate judge") appointed PA to serve as Plaintiffs' guardian and/or conservator.[5] Defendants represented PA in her official capacity "in all matters before the Circuit Court Probate Division of Jasper County[.]" In each of Plaintiffs' separate probate cases, the probate judge "appointed an attorney to represent the [particular plaintiff] during the creation of the estate in which [PA] was appointed as guardian and/or conservator." These appointed attorneys did not withdraw as the attorney for each plaintiff after PA was appointed as that plaintiff's guardian and/or conservator.

At some unstated time, Defendants presented bills for services to PA without notifying plaintiffs' appointed attorneys or any other interested parties. The probate judge entered orders approving the charges, and PA paid those fees out of each plaintiff's respective estate.

---

4. The judgment is silent as to whether the dismissal is with or without prejudice. While the general rule is that such a judgment is considered without prejudice and therefore not appealable, there are exceptions. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). Here, the judgment makes clear that the trial court found that no set of facts could be pleaded so as to support the claims made, so it is treated as a final judgment. *See Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991) ("When the effect of the order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable").

5. A conservator is "appointed by a court to have the care and custody of the estate of a minor or a disabled person." A guardian is "appointed by a court to have the care and custody of the person of a minor or of an incapacitated person." Section 475.010(3) and (6). Subsection 475.010(6) was renumbered to subsection 7 in 2009. At the time the petition was filed, PA was no longer the guardian and/or conservator of Plaintiffs as the petition alleges that Plaintiffs were "previously wards of [PA]" and that PA served as the guardian and/or conservator in her capacity as a public administrator "from January 1, 2004 and through the year 2008[.]"

Count I alleges "Defendants were not entitled to any compensation for any work they performed for or on behalf of [PA], pursuant to the void [orders of the probate judge]" and Plaintiffs "suffered damages in that monies were given to [Defendants] improperly and without right and unjustly enriched [Defendants]." Count II alleges Defendants committed legal malpractice with respect to the manner in which they sought and received payment of their legal fees. In support of its malpractice claim, the petition asserts that the services Defendants provided to PA were "specifically intended by [PA] to be of benefit for the wards of the estates[.]" The petition states in a conclusory manner that Defendants provided legal services, but it does not identify any such services.

### Defendants' Response

Defendants filed separate motions to dismiss. Each alleged, among other things, that Plaintiffs' petition failed to state a cause of action because: 1) Defendants did not represent Plaintiffs; and 2) the petition constituted an impermissible collateral attack on the probate judge's orders that should have been challenged by appeal.

### The Trial Court's Ruling

The trial court granted Defendants' motions to dismiss, finding that PA had notice of Defendants' fee requests and that no legal authority supported Plaintiff's claim that notice to other parties was required. The trial court further found that PA's employment of Defendants did not create an attorney-client relationship between Defendants and Plaintiffs. The trial court also stated that it could not

find any authority, reason, custom, local rule or any other fathomable reason whether equitable, legal or otherwise, to support the Plaintiffs' attempt to obtain post-judgment relief in their guardianship case by bringing a separate direct action against the former counsel for their former guardian/conservator along with a request for class certification.

### Analysis

#### Count I

Plaintiffs' first point states:

The trial court erred in sustaining [Defendants'] motions to dismiss for failure to state a claim or cause of action because Missouri law pursuant to Supreme Court Rule 74.06(b) states that a court may relieve a person from a judgment or order that is void in that [Defendants'] orders allowing them attorney fees paid by the estate of [Plaintiffs] were in fact void as failing to follow due process.[6]

In the argument section that follows, Plaintiffs state that the reasons supporting their claim that the probate judge's orders were void "are more clearly examined in the next two points." Point II states:

The trial court erred in sustaining [Defendants'] motions to dismiss for failure to state a claim or cause of action because Missouri law pursuant to RSMo § 475.205 requires that hearing be held

---

6. Plaintiffs' first point violates Rule 84.04(d) because it does not explain "why, *in the context of the case*," the legal reason it cites supports the claim of reversible error. (emphasis added). The statement that the judgments were void as violating due process is a legal conclusion. The point fails to express how the circumstances of the case support

that conclusion. However, the infirmity does not impede review because we can discern the nature of the complaint from Plaintiffs' following two points. Therefore we exercise our discretion to review the claim. *See Bolt v. Giordano,* 310 S.W.3d 237, 242 (Mo.App. E.D.2010).

prior to any order allowing the payment of a claim against a conservator estate in that there was no hearing in these cases prior to the order allowing the payment of [Defendants'] claim for attorney fees against the estates.

Point III states:

The trial court erred in sustaining [Defendants'] motions to dismiss for failure to state a claim or cause of action because Missouri law requires that before a hearing be held prior to any order allowing the payment of a claim against a conservator estate there must be notice to interested persons including the guardian and/or conservator in that there was no notice of a hearing in these cases prior to the order allowing the payment of [Defendants'] claim for attorney fees against the estates.

In construing Plaintiffs' first three points together, it becomes clear that they assert the trial court erred in dismissing Plaintiffs' petition for failure to state a cause of action because Rule 74.06(b)(4) allows a party affected by a judgment to challenge that judgment as void, and Plaintiffs allege the manner in which Defendants' attorney fees in the underlying probate cases were approved and paid violated their due process rights in that the procedures used did not provide interested parties with notice and a chance to be heard, rendering void the judgments approving those fees. We will address Plaintiffs' first three points together.

We first note that although Plaintiffs cite Rule 74.06, their Count I claim is not a motion filed in the applicable underlying probate cases seeking relief from the judgments entered therein.[7] Instead, Plaintiffs have asserted their claim in the instant petition, which seeks money damages from the attorneys who represented PA in those underlying probate cases. In support of their claim, Plaintiffs cite *Kerth v. Polestar Entm't*, 325 S.W.3d 373 (Mo.App. E.D. 2010), where the Eastern District found "that the judgment [at issue was] void, because the [trial] court acted in a manner inconsistent with due process." *Id.* at 389. *Kerth* provides no help to Plaintiffs because it involved a Rule 74.06(b)(4) motion to set aside a judgment as void; it did not involve a separate lawsuit against the attorneys involved in the case in which the allegedly void judgment was entered. *Id.* at 378.

Here, Plaintiffs claim that "Defendants failed to give notice of their [m]otions of their claims against the estate to the appointed attorneys or other interested persons as required by Missouri law" (without citing any such law) and that, as a result,

---

7. It should also be noted that Rule 74.06 does not apply to probate matters unless its application is specifically ordered by the probate judge. Rule 41.01(a)(2) provides that the rules of civil procedure govern "[c]ivil actions pending before a circuit judge *except those actions governed by the probate code[.]*" (Emphasis added). Rule 41.01(b) then lists specific rules of civil procedure that do apply to actions governed by the probate code. Rule 74 is not included in that list. *See In re Estate of Ewing v. Bryan*, 883 S.W.2d 545, 547 (Mo. App. W.D.1994). Plaintiffs' petition does not aver that the probate judge ordered the application of Rule 74 in any of their underlying probate cases. Even if Rule 74.06 did apply, it cannot be used to simply amend or modify a final judgment. Plaintiffs pray for the return of all monies received by Defendants, along with attorney fees and costs. Plaintiffs do not request that the underlying probate judgments be set aside in their entirety. "Rule 74.06 makes no provision for the amendment or modification of a judgment, or for relief from part of a judgment." *Settles v. Settles*, 913 S.W.2d 101, 103 (Mo.App. S.D. 1995).

when the probate judge "ordered the payment of [Defendants]' claims without notice or hearing of its actions" the resulting order "was void under Missouri law."[8]

■ Plaintiffs have made no attempt in their brief to set forth the elements of their Count I claim and identify the factual averments in their petition that, assumed true, would satisfy each of those elements.[9] As a result, Plaintiffs have failed to demonstrate that the trial court erred in dismissing Count I of their petition for failing to state a claim upon which relief may be granted. Points I, II, and III are denied.

*Count II*

■ Plaintiffs' fourth and final point claims

[t]he trial court erred in sustaining [Defendants'] motions to dismiss for failure to state a claim or cause of action because Missouri law allows a claim against an attorney who is hired by the client to specifically perform services to benefit [Plaintiffs] in that these attorneys were hired by [PA] as guardian and/or conservator to benefit [Plaintiffs] and their estates.

But, once again, Plaintiffs failed to plead any facts supporting their claim that such an attorney-client relationship existed.[10]

---

**8.** In the argument section of their brief, Plaintiffs rely on section 475.205. This section of the probate code simply provides that "[a]ll claims against the estate of a protectee ... may be filed in the probate division of the circuit court." The statute goes on to provide that "[a]fter hearing," the probate division "may allow a claim so filed, in whole or in part, or disallow it." *Id.* Plaintiffs articulate no argument as to why the more general provision set forth in this statute would govern over the more specific provisions contained in sections 475.265, 475.270 and 475.290. *See Greenbriar Hills Country Club v. Director of Revenue*, 935 S.W.2d 36, 38 (Mo. banc 1996) (holding that the specific terms in a statute control over more general terms set forth in another statute).

**9.** Although Plaintiffs' petition contains the words "unjustly enriched," it avers no facts that would support such a claim. "Unjust enrichment occurs where a benefit is conferred upon a person in circumstances in which retention by him of that benefit without paying its reasonable value would be unjust." Lincoln Cnty. *Ambulance Dist. v. Pacific Emp'rs Ins. Co.*, 15 S.W.3d 739, 744 (Mo.App. E.D.1998). "The most significant requirement is that the enrichment be unjust." *American Standard Ins. Co. of Wisconsin v. Bracht*, 103 S.W.3d 281, 291 (Mo.App. S.D. 2003). Plaintiffs do not allege that Defendants obtained the benefit of fees without "paying for it" with their services. Instead, Plaintiffs' brief relies solely on its assertion that Defendants' fees were improper because they were awarded in a judgment that was void for failure to satisfy the requirements of due process.

**10.** Some past appellate cases have stated that the probate division does not have the authority to hear ordinary civil claims. *State ex rel. Knight v. Harman*, 961 S.W.2d 951, 955 (Mo. App. W.D.1998) (holding that the probate court does not have jurisdiction to hear petition alleging legal malpractice); *In re Estate of Woodrum*, 859 S.W.2d 259, 262 (Mo.App. S.D.1993) (holding that the probate court "does not have authority to try an action for breach of contract"). When a court has no authority to hear a claim, the court is obligated to dismiss it. *See Knight*, 961 S.W.2d at 955 (remanding for dismissal of the legal malpractice claim). But revisions to the Missouri constitution in 1979 eliminated the probate court as a separate court and provided that all trial-level matters would be handled by a unified circuit court. Mo. Const. art. V, § 27. Probate matters are now heard in the probate division of the circuit court. If a case is filed in an improper division, section 476.410 gives the court the power to transfer it to the appropriate division. Plaintiffs' instant action for legal malpractice and equitable relief from a judgment should not have been filed in the probate division. Once there, it should have been transferred to a division in which nonprobate civil cases are heard. Because Defendants have not raised any objection to the instant case based on the matter having been assigned to and ruled by the probate judge, any allegation of error based on such a claim has been waived. *C.f. State ex rel. Brockfeld v. Provaznik*, 812 S.W.2d 568, 568–69 (Mo.App.

■ "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts." *Pikey v. Bryant,* 203 S.W.3d 817, 824 (Mo.App. S.D.2006) (quoting *Solberg v. Graven,* 174 S.W.3d 695, 699 (Mo.App. S.D. 2005)). That is, "although we treat all of the *factual* allegations in a petition as true, and liberally grant to plaintiffs all reasonable inferences therefrom, '[c]onclusory allegations of fact and legal conclusions are not considered in determining whether a petition states a claim upon which relief can be granted.'" *Hendricks v. Curators of Univ. of Missouri,* 308 S.W.3d 740, 747 (Mo.App. W.D.2010) (quoting *Willamette Indus., Inc. v. Clean Water Comm'n of the State of Missouri,* 34 S.W.3d 197, 200 (Mo. App. W.D.2000)) (emphasis and alterations in original); *cf. Breeden v. Hueser,* 273 S.W.3d 1, 10 (Mo.App. W.D.2008).

■ "In order to state a claim for legal malpractice, plaintiffs must allege facts that support: 1) the existence of an attorney-client relationship; 2) negligence or breach of contract by the attorney; 3) proximate causation of damages to the plaintiffs; and 4) damages to the plaintiffs." *France,* 303 S.W.3d at 619.

> [T]he first element of a legal malpractice action may be satisfied by establishing *as a matter of fact* either that an attorney-client relationship exists between the plaintiff and defendant or an attorney-client relationship existed in which the attorney-defendant performed services specifically intended by the client to benefit plaintiffs.

*Donahue v. Shughart, Thomson & Kilroy, P.C.,* 900 S.W.2d 624, 628–29 (Mo. banc 1995) (emphasis added).

Plaintiffs' petition asserts no facts in support of its claim that Defendants either represented Plaintiffs directly or that PA specifically intended Defendants' services to benefit Plaintiffs. Plaintiffs effectively foreclosed the first alternative when they specifically averred that Defendants represented PA. As to the second, Plaintiffs' petition pleads no facts about what legal services Defendants provided, let alone assert facts from which an inference could be drawn that such services were specifically intended by PA to benefit Plaintiffs. Such factual averments are essential to Plaintiffs' legal malpractice claim. Plaintiffs' bare conclusion that PA intended Defendants' legal services to benefit her wards is not the equivalent of a factual averment and is insufficient to survive a motion to dismiss. *Pikey,* 203 S.W.3d at 824; *Solberg,* 174 S.W.3d at 699. As a result, Plaintiffs failed to plead a necessary element of their legal malpractice claim.

E.D.1991) (a challenge to venue may be waived by failing to raise that challenge in a timely manner, and "[s]ection 476.410 does not apply where venue has been properly waived"). A properly raised and preserved objection would require us to resolve a dilemma as to the proper standard to apply in judging the sufficiency of Plaintiffs' petition. In ordinary civil cases, the content of the petition is governed by Rule 55.05. That rule requires "a short and plain statement of the facts showing that the pleader is entitled to relief" and a demand for relief. Rule 55.05. But Rule 55.05 does not ordinarily apply in probate proceedings. Rule 41.01(b). In addition, "[p]robate pleadings are not to be judged by the strict rules of pleadings applied to a petition in the circuit court." *In re Estate of Clark,* 83 S.W.3d 699, 702 (Mo.App. W.D.2002). "The pleadings [in a probate matter] need only give reasonable notice of the nature and extent of the claim." *Id.* at 702–03. Our research has not revealed any cases addressing the issue of which standard should be applied when an ordinary civil case is filed in the probate division. We have chosen to apply the standard governing ordinary civil pleadings here because legal malpractice is not a probate matter and, upon a proper motion, the probate judge would have been obligated to transfer the case to an appropriate division. Section 476.410.

The lion's share of Plaintiffs' argument in support of Point IV is an attempt to distinguish the instant case from *France v. Podleski*, 303 S.W.3d 615 (Mo.App. S.D. 2010). *France* was a class-action lawsuit brought by different wards against Defendants based on the same allegations raised here.[11] *Id.* at 617. The only difference between the claim in *France* and the claim here is that the wards in *France* couched their legal malpractice claim against Defendants as a breach of fiduciary duty based on a "claim[ ] that [Defendants] entered into a joint venture when they agreed to represent [PA]." *Id.* at 620. We held in *France* that the wards' petition failed to allege facts sufficient to demonstrate the first element of their malpractice claim—the existence of an attorney-client relationship. *Id.* at 619–20.

■■■■ An examination of the petitions filed in the two cases demonstrates the futility of Plaintiffs' attempt to distinguish their claim from the claim asserted in *France*.[12] The malpractice count in each petition was based on the same factual averments; the petition here simply attempted to re-word its legal theory as the breach of a "legal" duty instead of the breach of a "fiduciary" duty. The attempted distinction fails because "[t]he character of a cause of action is determined by the facts stated in the petition and not by the prayer or name given the action." *Bowles v. All Counties Inv. Corp.*, 46 S.W.3d 636, 640 (Mo.App. S.D. 2001).

In *France*, the wards alleged on behalf of themselves (and others similarly situated) that Defendants represented PA and that the contracts for those service were invalid because they were not in writing. The second count of that petition alleged that Defendants failed to use the degree of care that an ordinary Missouri attorney would have used "in all matters which were the subject of Defendants' representation of the class members" and "breach[ed] their fiduciary duty" by failing to object to the payment of their legal fees out of the wards' underlying probate estates. The claim there, as here, was that Defendants' breached a duty owed to PA's wards by failing to object to the manner in which their legal fees were approved and paid.

In their petition, Plaintiffs simply omitted the "joint venture" allegation asserted in *France* and inserted instead some of the language from our *France* opinion about the second means of establishing the existence of a lawyer-client relationship—that PA specifically intended Defendants' legal services to benefit the wards. The identity of the two claims is most apparent when comparing the demand for relief contained in each petition.

In *France*, the plaintiffs concluded their petition with the following paragraphs:

That because of the [d]efendants [sic] breach of *their fiduciary* duty toward the [p]laintiffs and their unjust enrichment of themselves, the [p]laintiffs and the wards making up the class in this action have suffered monetary damages in that monies have been taken from their estates improperly and not used for their benefit, and personal and real property has been lost, damaged and not

---

11. Although *France* involved different plaintiffs, Plaintiffs' attorney also represented the plaintiffs in *France*.

12. "Courts are permitted to take notice of their own records." *In re Estate of Voegele*, 838 S.W.2d 444, 446 (Mo.App. E.D.1992).

Furthermore, "[c]ourts may take judicial notice of other proceedings when the cases are interwoven or interdependent." *Environmental Utilities, L.L.C. v. Public Serv. Comm'n of the State of Missouri*, 219 S.W.3d 256, 265 (Mo.App. W.D.2007).

used for the benefit of the ward, all to their damage.

WHEREFORE the [p]laintiffs and the wards making up the class in this action pray the [c]ourt to award them damages in a fair and reasonable amount, award punitive damages against the [d]efendants in an amount which will deter them and others from like conduct, award their attorneys and the next friend a reasonable amount for attorney fees and for their time, and for their costs laid out and expended herein.

(Emphasis added).

In Plaintiffs' petition, we find the same concluding allegations and request for relief, with a difference of only one word:

That because of [Defendants]' [sic] breach of their *legal* duty toward [Plaintiffs] and their unjust enrichment of themselves, [Plaintiffs] and the wards making up the class in this action have suffered monetary damages in that monies have been taken from their estates improperly and not used for their benefit, and personal and real property has been lost, damaged and not used for the benefit of the ward, all to their damage.

WHEREFORE [Plaintiffs] and the wards making up the class in this action pray the [c]ourt to award them damages in a fair and reasonable amount, award punitive damages against [Defendants] in an amount which will deter them from like conduct, award their attorneys and the next friend a reasonable amount for attorney fees and for their time, and for their costs laid out and expended herein.

(Emphasis added).

In fact, this request for relief reveals the lack of any substance to the few changes made to Plaintiffs' malpractice claim. Plaintiffs' petition now alleges, as suggested by *France,* that PA specifically intended Defendants' services to benefit Plaintiffs. Yet, in their prayer for relief, Plaintiffs still assert that the fees paid were *not* used for their benefit. Plaintiffs are simply attempting to repackage (without the support of any additional factual averments) the same claim we found to have been correctly dismissed in *France.* As the character of an action is determined by the facts alleged and not by the legal labels applied to those facts, *Bowles,* 46 S.W.3d at 640, the cause of action asserted here is identical to the one we previously found deficient in *France.*

Despite Plaintiffs' arguments to the contrary, and the changing of one word from "fiduciary" to "legal," the concerns we enunciated in *France*—about the conflict of interest inherent in a holding that a lawyer hired to represent a public administrator also represents that public administrator's ward—are still present in this case. *Cf. Patterson v. Warten, Fisher, Lee & Brown, L.L.C.,* 260 S.W.3d 417, 420 (Mo. App. S.D.2008) (plaintiff alleged both legal malpractice and breach of fiduciary duty, but both failed because an attorney-client relationship did not exist). The trial court correctly dismissed Plaintiffs' petition because its legal malpractice theory was not supported by any factual averments demonstrating the existence of an attorney-client relationship between Defendants and Plaintiffs.

The judgment dismissing Plaintiffs' petition is affirmed.[13]

RAHMEYER and LYNCH, J., concur.

---

13. We agree with the trial court's position that Plaintiffs cannot plead any set of factual

averments that would allow them to prevail under their chosen legal theories. Defendants, also in apparent agreement with the trial court's reasoning, have filed a motion with this court seeking sanctions against Plaintiffs in the form of an award of attorney fees. We have seriously considered granting that motion. But after reading the transcript of the arguments Plaintiffs' counsel presented to the trial court in response to Defendants' motions to dismiss, it is clear that counsel believed he was somehow acting in conformance with our opinion in *France*. We have re-read our *France* opinion with an eye toward such an interpretation and are unable to perceive it. Ultimately, however, we have decided to exercise our discretion to withhold imposing sanctions, believing that such sanctions are more appropriately awarded in a situation where we are more confident in our ability to discern that a party has acted in bad faith.