Thomas H. Newton, Judge
Ms. Donna Rowell appeals a Platte County circuit court judgment granting the Automobile Club Inter-Insurance Exchange's motion to intervene and motion to set aside the judgment. We reverse.
Facts & Procedure
Appellant, Donna Rowell, filed a petition for damages against Raymond Killion, III, whose negligence caused a car accident resulting in Ms. Rowell's injuries. A bench trial was held on August 19, 2016. The court entered its judgment on the same date in favor of Ms. Rowell in the amount of $208,137.14. Ms. Rowell filed a receipt and acknowledgment of payment after she received $1,000.00 in partial payment from Mr. Killion.
Respondent, Automobile Club Inter-Insurance Exchange (Auto Club), filed a post-judgment motion to intervene on September *348 7, 2016. The hearing on the motion was held on October 7, 2016. The trial court, via docket entry, granted the motion to intervene on October 14, 2016.
The Auto Club then filed a motion to set aside the judgment on October 28, 2016. A hearing on the motion was held on December 16, 2016. The trial court granted the motion to set aside the judgment on January 3, 2017.
Ms. Rowell filed her motion to denominate as a judgment the court's order granting the motion to set aside on January 10, 2017. On February 3, 2017, the trial court entered its judgment granting the motion to set aside. Ms. Rowell filed her notice of appeal on March 13, 2017.
Legal Analysis
In the first point, Ms. Rowell argues that the Auto Club should not have been allowed to intervene because the trial court lost jurisdiction and authority thirty days after the August 19, 2016, judgment was entered.
Intervention is permitted by Rule 52.12(a) as a matter of right or by Rule 52.12(b), which provides for intervention by permission of the court. A trial court's decision regarding intervention as a matter of right will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.
Johnson v. State , 366 S.W.3d 11, 20 (Mo. banc 2012). Three rules work together to govern interventions.[1] First, Rule 52.12, which provides:
(a) Intervention of Right . Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
(b) Permissive intervention . Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common; or (3) when the validity of a statute, regulation or constitutional provision of this state, or an ordinance or regulation of a governmental subdivision thereof, affecting the public interest, is drawn in question in any action to which the state or governmental subdivision thereof and the state or governmental subdivision or an officer, agency or employee thereof is not a party, the court may in its discretion notify the chief legal officer of the state or governmental subdivision may in the discretion of the court be permitted to intervene, upon proper application.
(c) Procedure . A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied *349 by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.
The second rule is Rule 75.01, which states:
The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.
The thirty-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the record on appeal is filed in the appellate court.
And finally, Rule 81.05(a) states:
(a) Finality as Affected by After-Trial Motions . For the purpose of ascertaining the time within which an appeal may be taken:
(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.
(2) If a party timely filed an authorized after-trial motion, the judgment becomes final at the earlier of the following:
a. Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or
b. If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.
(3) The filing and disposition of such motions has the same effect on time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court.
The Auto Club relies on the holding in Frost v. Liberty Mutual Insurance Co. , 813 S.W.2d 302 (Mo. banc 1991) ( Frost II ). In Frost , the plaintiffs were injured in a car accident caused by an uninsured motorist. Frost v. White , 778 S.W.2d 670, 671 (Mo. App. W.D. 1989) ( Frost I ). Liberty Mutual provided the uninsured motorist insurance for the rental car that the plaintiffs were driving at the time of the accident. Id. The plaintiffs obtained a judgment against the uninsured motorist, and the judgment entry was made on December 22, 1988. Frost II, 813 S.W.2d at 303. Liberty Mutual knew that a suit had been filed but it was not informed of the date and did not learn of the judgment until January 1989 from a letter it received that was dated December 30, 1988. Id . On January 17, 1989, Liberty Mutual filed a motion to intervene and a motion to vacate the judgment. Id. The trial court denied the motion as untimely. Id. On appeal, this Court held that intervention was necessary to accomplish substantial justice and found no evidence of potential prejudice for the plaintiffs. Frost I, 778 S.W.2d at 673.
*350 Frost bears significant similarity to our case in question. The one important distinction, however is that the trial court in Frost ruled on the motion to intervene within thirty days of the entry of the judgment, unlike here, where the trial court did not rule on the motion until after the thirty-day window had expired.
The Auto Club argues that intervention after judgment has become final has been permitted in Missouri citing Meyer v. Meyer , 842 S.W.2d 184 (Mo. App. E.D. 1992). In Meyer , the court held that post-judgment intervention is permissible under certain circumstances. Id. at 189. The court relied on the holding in Frost and, like in Frost , looked at whether substantial justice required intervention and whether the existing parties would be prejudiced by intervention. Id. But as mentioned above, Frost does not authorize a court to grant a motion to intervene after it has lost its jurisdiction.[2]
This Court discussed a trial court's lack of jurisdiction to rule on a motion once the expiration of the thirty days provided in Rule 75.01 in Williston v. Missouri Department of Health and Senior Services , 461 S.W.3d 867, 869-70 (Mo. App. W.D. 2015). The intervenor filed the motion to intervene within thirty days of the judgment but the court did not rule on the motion until fifty-eight days after the judgment was finalized. Id. at 868-69. This Court held that the circuit court was "clearly without jurisdiction to issue any ruling upon [Intervenor's] motion to intervene because the thirty days within which the circuit court retained control over its judgment had expired." Id. at 870. "After the expiration of the thirty days provided by Rule 75.01, the trial court is divested of jurisdiction, unless a party timely files an authorized after-trial motion." Id. (citations omitted).
A year later, the Missouri Supreme Court handed down Allen v. Bryers , 512 S.W.3d 17 (Mo. banc 2016) cert. denied sub nom., Atain Specialty Ins. Co. v. Allen , --- U.S. ----, 138 S.Ct. 212, 199 L.Ed.2d 118 (Oct. 2, 2017). The court dismissed the insurance company's appeal regarding the denial of its motion to intervene. Id. at 29. The insurance company filed its motion to intervene nearly one year after the judgment had been finalized. Id. at 28. The court held that the motion was untimely, and therefore the circuit court had no authority to rule on it. Id.
This Court examined the holdings in Frost , Meyer, and Allen in Sherman v. Kaplan , 522 S.W.3d 318 (Mo. App. W.D. 2017). In Sherman , the plaintiff also appealed a grant of a motion to intervene and set aside a judgment. Id. at 320. The intervening party filed its motion sixty-seven days after the trial court had entered the judgment. Id. at 324. We distinguished Frost by explaining:
Though Frost involved a post-judgment motion to intervene, the motion at issue was filed and ruled upon 'within the time prescribed by Rule 75.01' Frost , 813 S.W.2d at 303. While Frost supports the notion that intervention may be permitted post-judgment, it does not stand for the proposition that a court is authorized to grant a motion to intervene under Rule 52.12(a) after a judgment has become final.
Id. at 325. Like the court in Sherman , the trial court here did not grant the motion to intervene until the thirty-day window had expired, and therefore the ruling is void. Id.
*351 Based on the most current case law, we reverse. The trial court erred when it ruled on Auto Club's motion to intervene more than thirty days after the judgment had become final. The court no longer had jurisdiction over this case and, therefore, was not authorized to grant the motion. This point is granted.
In point two, Ms. Rowell argues that the trial court erred in granting the motion to set aside because relief under Rule 74.06(b) is limited to parties and Auto Club was not a party to this action.
A motion under Rule 74.06(b) comes after a final judgment and, therefore, falls within the definition of "special order". Sherman , 522 S.W.3d at 323. (citations omitted). "[W]hether a judgment is void under Rule 74.06(b) is a question of law and 'is subject to de novo review.' " Id. at 324 (quoting Bate v. Greenwich Ins. Co. , 464 S.W.3d 515, 517 (Mo. banc 2015) ).
In Sherman , this Court held that because the insurer did not file a timely motion, the trial court did not have jurisdiction to grant the motion to intervene and subsequently, because the insurer was precluded from being considered a party to the action, the court lacked the authority to grant the Rule 74.06(b) motion to set aside the judgment. Id. at 326-27. Based on the holding in Sherman and our ruling on Point I above, this point is granted.
In the last point, Ms. Rowell claims that the trial court abused its discretion when it set aside the judgment because the Auto Club did not allege or prove that it was free from fault, neglect, or inattention to the case. As stated in Point II, because Auto Club did not timely intervene in the matter, its motion to set aside is void, but in the interest of thoroughness, we will discuss the merits of the point.
This Court "will not interfere with the trial court's decision to vacate a judgment unless the record convincingly demonstrates an abuse of discretion." Johnson v. Brown , 154 S.W.3d 448, 450 (Mo. App. S.D. 2005) (citation omitted). Rule 74.06(b) provides that a court may provide relief from a judgment or order for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular, (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.
"The movant in a Rule 74.06 motion for relief from a judgment, likewise, has the burden of proving to the trial court that he or she was entitled to relief." First Bank of the Lake v. White , 302 S.W.3d 161, 165 (Mo. App. S.D. 2009).
In its motion to set aside, the Auto Club alleges that Ms. Rowell's counsel knowingly withheld information regarding the date of the trial. According to the motion, Ms. Rowell's counsel sent a letter, dated July 14, 2016, outlining the underinsured motorist claim to the Auto Club. According to the motion, the Auto Club believes that counsel knew of the August 29 trial date both on and well before July 14 and chose not to inform the Auto Club. Also in the letter, Ms. Rowell's counsel presented authorizations for the Auto Club to acquire Ms. Rowell's medical records, which, according to the Auto Club, can oftentimes take weeks or even months to complete.
In its motion, the Auto Club claims that Ms. Rowell's counsel's actions *352 constitute fraud. The elements of fraud are as follows:
(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity ..., (5) the speaker's intent that the representation should be acted upon by the hearer in a manner reasonably contemplated, (6) the hearer's ignorance of the representation's falsity, (7) the hearer's reliance on the representation's truth, (8) the hearer's right to rely on the representation, and (9) injury to the hearer proximately caused by his reliance.
Minor v. Terry , 475 S.W.3d 124, 138 (Mo. App. E.D. 2014). "In nondisclosure cases, a party's silence amounts to a representation where the law imposes a duty to speak. Whether or not a duty to disclose exists ... must be determined on the facts of the particular case." Hess v. Chase Manhattan Bank, USA, N.A. , 220 S.W.3d 758, 765 (Mo. banc 2007) (internal citations omitted). "A duty to speak arises where one party has superior knowledge or information that is not reasonably available to the other." Id.
Ms. Rowell argues that she and her counsel owed no duty to counsel for the Auto Club as they were engaged in an adversarial relationship. In Wild v. Trans World Airlines, Inc. , 14 S.W.3d 166, 167 (Mo. App. W.D. 2000), the plaintiff claimed that the attorney for the airlines had purposely withheld information regarding the statute of limitations for a worker's compensation claim. According to the plaintiff, opposing counsel sent him a letter containing a settlement offer on December 23, 1993. The letter did not mention the two-year statute of limitations deadline, and the plaintiff claimed that this was done purposefully to "lull him into missing it." Id. This Court held that although opposing counsel may have known of the deadline, she had no duty to disclose it to the plaintiff because the proceedings were adversarial. Id. at 168.
Although Wild involves an adverse party and not opposing counsel, the underlying principles can still be applied. Given the adversarial nature of the relationship between these two parties, and the existence of other sources (Case.net, Mr. Killion (insured), or Mr. Killion's insurance company) from which this information could have been obtained, we find that Ms. Rowell's counsel did not owe a duty of disclosure to the Auto Club. Without a recognized duty, the Auto Club's fraud claim fails. This point is granted.
Conclusion
Ms. Rowell has demonstrated that the trial court committed a mistake of law when it ruled on the motion to intervene more than thirty days after the August 19, 2016, judgment was made final. As a result, the ruling was void, and therefore, the Auto Club did not properly intervene. Without proper intervention, the Auto Club's motion to set aside is void. We reverse and find that the trial court's August 19, 2016 judgment is a final non-appealable judgment.
Anthony Rex Gabbert, P.J., and Gary D. Will, J. concur.

Rule references are the Missouri Rules of Civil Procedure (2016) unless otherwise indicated.

It is also worth noting that Meyer involved a case of permissive intervention while the present case involves intervention as a matter of right. Meyer , 842 S.W.2d 184, 188 (Mo. App E.D. 1992).